■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ETHEL O'DONNELL, Appellant.— AULISI, J. Appeal (1) from an order of the Supreme Court at Special Term, entered in Washington County on June 27, 1967, which granted a motion by plaintiff for summary judgment permanently enjoining the defendant from maintaining a private proprietary nursing home, convalescent home, home for adults, or any similar institution subject to the jurisdiction of the Department of Social Welfare of the State of New York, and (2) from the judgment entered thereon. Defendant contends on this appeal that summary judgment was improper because there was a triable issue of fact as to whether or not she operated a private proprietary nursing home. While the amended answer denies the allegations made in the amended complaint, the only evidence presented in opposition to the motion for summary judgment is an affidavit by defendant. It asserts she operates a home for adults and not a nursing home and that " none of the alleged patients " listed in plaintiff's affidavits, " are residents at any property owned or leased by " defendant. Defendant's affidavit alleges that her original answer, admitting she operated a private proprietary nursing home, and the letter referring to her facility as a nursing home were in error due to typographical mistakes. She also complains that plaintiff's affidavits are almost four years old and are not true. Special Term found as a matter of law that defendant operated a nursing home in violation of law and granted summary judgment. A private proprietary nursing home is defined in subdivision 24 of section 2 of the Social Welfare Law as " a facility providing or operated for the purpose of providing therein lodging, board and nursing care to sick, invalid, infirm, disabled or convalescent persons, for compensation and profit." That section (subd. 26) defines " A private proprietary home for adults " so as to exclude facilities providing needed nursing care. In this case there is no question about defendant's operating a facility for compensation and there is no denial that the required approval and physical plant were lacking. The only possible triable issue of fact is whether defendant's home provided needed nursing services. The affidavits submitted by plaintiff, sworn to by three registered nurses employed by the welfare department, stated that nursing care was being provided and the census of the home's residents, contained in two of those affidavits, indicates that this nursing care was necessary. The Court of Appeals stated in *Shapiro* v. *Health Ins. Plan* (7 N Y 2d 56, 63) that " In examining that affidavit we remind ourselves that there is a positive requirement that it must show evidentiary facts (*O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386, 395) and that a motion for summary judgment may not be defeated by charges ' based upon surmise, conjecture and suspicion' (*Bank for Savings* v. *Rellim Constr. Co.,* 285 N. Y. 708-709)." Defendant has failed to show a triable issue of fact exists, and has created only the semblance of an issue in response to plaintiff's amended complaint and supporting affidavits (see *Greenbaum* v. *Amer. Metal Climax,* 27 A D 2d 225,

232; *Ball* v. *United Artists Corp.*, 13 A D 2d 133, 135). Order and judgment affirmed, without costs. Order signed and entered. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.