Norman A. Stiller, J.
Defendant moves pursuant to CPLR 3211 for an order dismissing the complaint for failure to state a cause of action.
The complaint alleges that since on or about September 1, 1973 the defendant’s sewerage system has been discharging sanitary sewage and other wastes into the waters of Smokes Creek which have not been given “ * effective secondary treatment ’ ” as provided for in ECL 17-0509. It seeks an injunction plus the penalties provided for in ECL 71-1929.
Defendant contends that the action is barred because it has a National Pollutant Discharge Elimination System (NPDES) permit to discharge sewage into Smokes Creek, and that it is complying with said permit.
*817 The defendant’s argument is without merit since regardless of whether it has a permit it cannot discharge sewage which has not been given “ ‘ effective secondary treatment.’ ” The requirements of obtaining a permit (ECL 17-0701 and ECL 17-0803) and the prohibition against discharging sewage which has not been given effective secondary treatment (ECL 17-0509) are separate and distinct. The permit itself provides: “ 12. Nothing in this permit shall be construed to preclude the institution of any legal action nor relieve the permitee from any responsibilities, liabilities, or penalties established pursuant to any applicable State law or regulation under authority preserved by Section 510 of the Act.” (Of. TI. S. Code, tit. 33, '§ 1370.)
Further, an action for an injunction is specifically recognized as an available remedy for a violation such as discharging sewage which has not been given “ ‘ effective secondary treatment.’ ” (ECL 71-1929, ECL 71-1931.)
The defendant’s motion is denied.