SALEM HILLS SEWAGE DISPOSAL CORP., Appellant, v VILLAGE OF VOORHEESVILLE et al., Respondents.

Third Department, May 28, 1981

APPEARANCES OF COUNSEL

*Tobin & Dempf (Michael L. Costello* of counsel), for appellant.

*Poskanzer, Hessberg, Blumberg, Dolin, Barba, Greisler & Trombley (Kenneth J. Connolly* of counsel), for respondents.

OPINION OF THE COURT

CASEY, J.

Plaintiff is a sewage works corporation organized in 1966 pursuant to article 10 of the Transportation Corporations

Law, and it provides sewer service to the residents of the Salem Hills subdivision, located in the Village of Voorheesville. Plaintiff's parent corporation was the developer of Salem Hills. Defendants are the Village of Voorheesville and the Village Board.

Pursuant to section 121 of the Transportation Corporations Law, plaintiff is required to provide sewer service to the residents of Salem Hills "at fair, reasonable and adequate rates agreed to between" plaintiff and defendants. The initial rate, established in 1968, was $6 per month per customer, and this rate continued until 1973 when plaintiff sought an increase to $10. Defendants agreed to a rate of $7.50, and the following year plaintiff was granted an increase to $10 per month per customer. In 1978, plaintiff sought a rate increase to $29.05 per month, which was later reduced by plaintiff to $21.85 per month. Defendants approved a rate of $14 per month and plaintiff commenced this action seeking a declaratory judgment declaring, *inter alia*, that the rate approved by defendants was not "fair, reasonable and adequate" within the meaning of section 121 of the Transportation Corporations Law. Following a trial without a jury, the court declared that the rate approved by defendants complied with the statutory requirement, and this appeal ensued.

Initially, we note that plaintiff correctly employed the declaratory judgment action as its remedy for seeking review of defendants' quasi-legislative rate-making determination made pursuant to section 121 of the Transportation Corporations Law *(Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400). The grounds open to judicial review of such a determination include whether defendants acted "in disregard of statutory standards, in excess of [their] grant of authority, in violation of due process or in a discriminatory manner" *(Matter of Lakeland Water Dist. v Onondaga County Water Auth., supra*, at p 408). The thrust of the plaintiff's challenge here is that in approving the rate of $14 per month, defendants disregarded the statutory requirement that the rate be "fair, reasonable and adequate" (Transportation Corporations Law, § 121).

Turning to the merits, the dispute in this case revolves around defendants' decision to exclude from the approved rate depreciation on the sewage treatment plant and return on an investment. This decision was based upon defendants' factual finding that plaintiff, through its parent corporation which developed the Salem Hills subdivision, had recouped the entire capital cost of the sewage treatment plant from the sale of the homes in the subdivision. This factual finding was founded, not on direct proof, but, rather, on indirect proof from which defendants inferred that the cost of the treatment plant had been recouped. The factual grounds giving rise to this inference are the parent-subsidiary relationship of the developer and plaintiff, the asserted low initial rate established by plaintiff and the fact that plaintiff sustained substantial losses from 1968 to 1973 without seeking a rate increase. The second and third grounds are interrelated. Trial Term found, in essence, that plaintiff had failed to establish that these factual grounds for the inference were incorrect or to present proof sufficient to overcome the inference.

■ In our view, this finding by the trial court is incorrect, and pursuant to this court's power to review factual findings in nonjury cases, we will grant the judgment which upon the evidence should have been granted by the trial court (Shipman v Words of Power Missionary Enterprises, 54 AD2d 1052, 1053). Initially, we note that inferences other than those drawn by defendants could reasonably be drawn from these facts (see Matter of St. Lawrence Gas Co. v Public Serv. Comm. of State of N. Y., 42 NY2d 461). More importantly, however, the evidence in this record tending to establish that the initial rate charged by plaintiff was substantially below what it should have been in order to cover operating costs and depreciation and provide a return on investment is equivocal at best. On the other hand, plaintiff's expert testified that the initial rate was reasonable and may even have been too high. One of the defendants' experts testified that the initial rate was only about $1 to $1.25 too low, which he conceded was "somewhat within the range of reason". Moreover, as required by the statute, defendants agreed to and approved this initial rate as "fair, reasonable and adequate" (Trans-

portation Corporations Law, § 121). In any event, the testimony and report of the independent auditor retained by defendants establish that plaintiff acquired the treatment plant from the parent corporation via an intercompany transfer and that the cost recorded on plaintiff's books for the facility was at a fair value as would have been charged if there were no related parties involved. More importantly, this evidence also establishes that the costs reported on plaintiff's books did not include the sewer mains and manhole units, the costs of which were stated to have been charged by the developer to the home buyers through the sale of the homes. Plaintiff's books, financial statements and tax returns have consistently maintained this distinction between the sewer mains and manhole units and the sewage treatment plant. In our view, this evidence tends to establish that there is no basis for inferring that plaintiff or its parent corporation recouped the capital cost of the sewage treatment plant through the sale of homes in Salem Hills, and, accordingly, insofar as the rate approved by the board excludes depreciation or return on investment on the basis of such an inference, the rate does not comply with the statutory requirement that it be fair, reasonable and adequate. We have considered the remainder of plaintiff's contentions and find them to be without merit.

The judgment should be reversed, on the law and the facts, by deleting the three decretal paragraphs and substituting therefor a paragraph declaring that the sewer rate approved by the board does not comply with the statutory requirement that it be fair, reasonable and adequate, with costs to plaintiff.

MAHONEY, P. J., SWEENEY, KANE and WEISS, JJ., concur.

Judgment reversed, on the law and the facts, by deleting the three decretal paragraphs and substituting therefor a paragraph declaring that the sewer rate approved by the board does not comply with the statutory requirement that it be fair, reasonable and adequate, with costs to plaintiff.