practical matter was reduced to nought by [this] failure to testify. The blanket rejection of [defendant's application] thus had a tendency to impair the fact-finding process" *(People v Davis, supra,* at p 276). It is manifest that the result condemned in *Davis* was the end achieved here. Defendant did not testify. Although we have no way of knowing what his testimony would have been had he taken the stand, we do have his admissions to the police that he obtained the property from Ms. Lang and had "hustled" or "conned" her and did not have a gun. Ms. Lang never saw the alleged gun. The person alleged to have been defendant's accomplice was never apprehended and did not testify. Thus, the sole testimony as to the events themselves was that of Ms. Lang which, had the defendant testified, would have created a one-on-one confrontation. If believed, defendant might have been convicted of a lesser crime. However, by reason of the *Sandoval* ruling, defendant did not take the stand. It is fairly obvious that had he done so, the jury would have concluded that he was an individual with a propensity for fraud and larceny. The jury might very well have convicted upon that ground alone. It has long been the law that such a conviction cannot stand. In *People v Zackowitz* (254 NY 192, 197), Chief Judge Cardozo stated: "Inflexibly the law has set its face against the endeavor to fasten guilt upon him by proof of character or experience predisposing to an act of crime * * * The endeavor has been often made, but always it has failed." It should fail here. The judgment of conviction should be reversed, the sentence vacated and the action remanded for a new trial.

■ HOGAN & COMPANY, INC., v SATURN MANAGEMENT, INC., et al. — Motion for clarification granted insofar as to amend the order of this court entered on November 25, 1980 [78 AD2d 837] by adding at the end thereof the following: "The Clerk is directed to enter judgment in favor of the plaintiff-appellant against the defendants-respondents granting summary judgment." Concur — Murphy, P. J., Kupferman, Ross and Carro, JJ.

■ In the Matter of EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES v FINANCE ADMINISTRATOR et al. — Motion for leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of the Supreme Court, as affirmed by this Court, properly made?" Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Lynch, JJ.

■ In the Matter of COLT INDUSTRIES, INC., v FINANCE ADMINISTRATOR et al. — Motion for leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of the Supreme Court, as affirmed by this Court, properly made?" Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Lynch, JJ.

■ HELEN C. GREENE v THEODORE J. GREENE et al. — Motion for leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of this Court, which reversed the order of the Supreme Court, properly made?" Concur — Birns, J. P., Ross, Carro and Bloom, JJ.

■ DIANE M. D'AMBROSIO et al., v CITY OF NEW YORK. — Motion for leave to appeal to the Court of Appeals granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals. Concur — Kupferman, J. P., Ross, Carro and Bloom, JJ.

■ DIANE M. D'AMBROSIO et al., v CITY OF NEW YORK. — Cross motion for leave to appeal to the Court of Appeals granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals. Concur — Kupferman, J. P., Ross, Carro and Bloom, JJ.