■ ROBERT F. FLACKE, as Commissioner of Environmental Conservation of the State of New York, Respondent, v SALEM HILLS SEWAGE DISPOSAL CORPORATION, Defendant and Third-Party Plaintiff-Appellant. VILLAGE OF VOORHEESVILLE, Third-Party Defendant-Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term (Kahn, J.), entered August 19, 1981 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment on the first cause of action, dismissed defendant's affirmative defenses, and dismissed the third-party complaint. Salem Hills Sewage Disposal Corporation (Salem) is organized pursuant to article 10 of the Transportation Corporations Law to operate a sewage treatment plant serving a residential subdivision in the Village of Voorheesville under a State Pollutant Discharge Elimination System permit (SPDES) issued by plaintiff. In November, 1978, following a hearing on charges that defendant violated the SPDES permit by discharging effluent into a creek in excess of limitations of flow and analysis levels and failing to make certain repairs to its collection system, a consent order was made by plaintiff requiring defendant to abate its violations and comply with a schedule which required monitoring, submission of engineering reports and completion of corrective action. On November 28, 1980, plaintiff commenced this action to restrain defendant's violation of the consent order, to require compliance with the order, and for assessment of civil penalties. In its third-party complaint, defendant impleaded the Village of Voorheesville seeking money damages for statutory breaches and negligence because the village failed to provide a fair, reasonable and adequate rate pursuant to section 121 of the Transportation Corporations Law. Special Term granted plaintiff summary judgment for an injunction restraining defendant's violation of the consent order, dismissed the affirmative defense alleging the order to be unenforceable because it was subject to the condition precedent that defendant would be issued a reasonable rate, ordered corrective measures be completed in 120 days, and dismissed the third-party complaint. Salem has appealed. It is necessary to first determine whether summary judgment granting enforcement of plaintiff's order was proper. Defendant argues that the order was predicated upon an express oral agreement as a condition precedent that it receive an increase in its rates from the village in order to obtain funds required to comply with the order. Nothing in the order indicates

such a condition and defendant argues that it should be permitted to offer proof thereof upon a trial. We disagree. While such a condition may be shown by parol evidence if the condition does not contradict or vary the express terms of a written agreement (*Bank of Suffolk County v Kite,* 49 NY2d 827, 828; *Hicks v Bush,* 10 NY2d 488, 491), where the agreement is complete and the record shows no other proof of a condition precedent, defendant's allegation is no defense to summary judgment unless the condition was "expressed or at least implicit, in the agreement itself" (*Woodmere Academy v Steinberg,* 41 NY2d 746, 750). The record here includes the subject order which is not only devoid of any reference to, or even inference of a condition precedent, but on the contrary, contains specific language in clauses 6 and 7 to provide defendant the procedure for seeking relief or change by application to plaintiff in writing. In support of its motion, plaintiff presented a prima facie showing of entitlement to summary judgment through documentary evidence demonstrating the order and noncompliance therewith. Defendant then was required to come forth with genuine evidence based upon proof, not shadowy and conclusory statements in affidavits. " 'To require a trial such fact issue must be genuine, bona fide and substantial' " (*Hogan & Co. v Saturn Mgt.,* 78 AD2d 837, 838, mod on other grounds 82 AD2d 738). Defendant concedes that it has not commenced, let alone completed the repairs ordered. Its contention that oral agreement on the contingency of securing a rate increase appears only in affidavits of its officers and attorney which allege that plaintiff was aware of defendant's financial plight and of its rate increase proceedings before the village. Defendant's arguments fail to appreciate the fact that plaintiff's statutory obligation is to prevent pollution and effect compliance with safety standards. Ratemaking is not plaintiff's function. The admission of parol evidence to defeat plaintiff's motion would permit contradiction of the express terms of the order to which defendant gave written consent. Because defendant has tendered only conclusory assertions rather than evidentiary proof, summary judgment was properly granted (see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). The precise schedule of compliance was embodied in the order and offers of parol evidence of any alleged oral agreement making compliance contingent upon a rate increase were properly excluded (*Bank of Suffolk County v Kite,* 49 NY2d 827, *supra; Hogan & Co. v Saturn Mgt.,* 78 AD2d 837, *supra*). Equally significant, if not compelling, is defendant's failure to timely commence proceedings to review the order pursuant to CPLR article 78. Its failure to have done so precludes collateral attack of the order in these enforcement proceedings (*Matter of Public Serv. Comm. of State of N. Y. v Rochester Tel. Corp.,* 55 NY2d 320, 325; *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, cert den 444 US 845). Defendant's opposing papers, failing to raise more than a "semblance of an issue", were insufficient to deny summary judgment (*People v O'Donnell,* 30 AD2d 625). Next, we disagree with defendant's contention that Special Term erred in dismissing its third-party complaint on the ground that the village is immune from liability for its rate-making determinations, the village enjoying immunity in the performance of a governmental function. Although the State's waiver of sovereign immunity extends to political subdivisions (*Becker v City of New York,* 2 NY2d 226), that waiver is not absolute (*Weiss v Fote,* 7 NY2d 579). To hold a municipality liable in the performance of a governmental function, a special relationship arising out of a statute must be shown resulting in damage to one protected by that statute (*Florence v Goldberg,* 44 NY2d 189; *Motyka v City of Amsterdam,* 15 NY2d 134). When defendant's appeal from a declaratory judgment against the village was before this court previously, we held the village was performing a "quasi-legislative rate-making determination" pursuant to section 121 of the Transportation Corporations Law (*Salem Hills Sewage Disposal Corp. v Village of Voorh-*

*eesville,* 80 AD2d 479, 480). Ratemaking by a municipality is a governmental function involving the exercise of judgment and discretion (*People ex rel. Binghamton Light, Heat & Power Co. v Stevens,* 203 NY 7) performed in the public interest, and no liability for its actions attaches (*154 East Park Ave. Corp. v City of Long Beach,* 52 NY2d 991, cert den 454 US 858). Special Term correctly dismissed the third-party complaint. Defendant's final argument urges that forced compliance with plaintiff's consent order will effectively require it to close down and cease operations, in violation of section 121 of the Transportation Corporations Law, because its dire financial condition precludes expenditure of funds necessary to effect compliance. The record, which includes only affidavits of defendant's officers, employees and attorney, all made in April, 1981, fails to support such an argument. Attached as an exhibit is an accountant's report made on September 15, 1978, used in defendant's rate increase application to the village. We find that defendant has failed to sufficiently document its allegations and that no evidence has been presented to demonstrate that defendant cannot raise capital required to undertake corrective actions. Moreover, this court reversed the judgment of the Supreme Court entered May 1, 1980 and declared that the rate determined by the village did not comply with the statutory requirement that it be fair, reasonable and adequate (*Salem Hills Sewage Disposal Corp. v Village of Voorheesville,* 80 AD2d 479, *supra*). Defendant has an adequate remedy available to secure a fair and reasonable rate from the village. Order and judgment affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.