■ In the Matter of HERITAGE HILLS SEWAGE WORKS CORPORATION, Appellant, v TOWN BOARD OF SOMERS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of Somers, dated November 28, 1989, which denied the petitioner's application for a sewer rate increase, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered July 18, 1991, which dismissed the proceeding. The petitioner's notice of appeal from a decision dated November 2, 1990, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondent Town Board of Somers for reconsideration of the petitioner's application.

The petitioner Heritage Hills Sewer Works is the wholly-owned subsidiary of the developer of a condominium complex in the Town of Somers, Westchester County. Residents pay a monthly charge for sewer services rather than a metered rate, and the rate was set under Transportation Corporations Act

§ 121 in 1974, at the inception of the development, at $13.50 per unit, per month. In 1989, the petitioner requested an increase to $47.60 a month, a figure arrived at by a consultant who justified the increase in a detailed report. The Town Board conducted hearings and received submissions, including a report recommending a much more modest increase to $20.18 a month. The Town Board then rejected the increase, finding, *inter alia,* that the petitioner had not overcome a presumption that it had recovered its capital costs through the sale by its parent corporation of the units. This determination was confirmed by the Supreme Court, Westchester County (Delaney, J.), and this appeal ensued.

The Town Board erred in applying a presumption created by the New York State Public Service Commission in a policy statement that low initial rates establish that a developer-owned water works recovered its capital costs through the sale of housing units. This presumption regarding water rate increases was developed by the New York State Public Service Commission because rate increase requests were being made by developer-owned water works whose initial rates were set under an unregulated scheme. Sewage rates, however, have been regulated since the enactment of Transportation Corporations Law § 121 in 1960, and there is no basis for engrafting the water-rate presumption into this case, where the initial rate was based on a comparable regulated rate and was found by the Town Board to be " 'fair, reasonable and adequate' " *(see, Salem Hills Sewage Disposal Corp. v Village of Voorheesville,* 80 AD2d 479, 481-482).

In addition, we note that the petitioner successfully overcame the presumption in the rate increase application. There was no basis in the record for concluding that homeowners made substantial contributions to the petitioner's capital costs.

The Board also erred by holding that the capital assets still in the name of the developer could not be considered as part of the petitioner's rate base, and by allowing its decision to be influenced by the outrage of customers and the unsubstantiated suggestion that sales material suggested that sewer rates would not rise significantly over time. Moreover, the petitioner provided adequate documentation in support of its application, and made reasonable efforts to satisfy the Town's disclosure requests. For all these reasons the judgment must be reversed and the Board's determination annulled.

We therefore remit the application to the Board for further consideration. Additional submissions and hearings are not

necessary. We note that the report prepared by KPMG Peat Marwick on behalf of the homeowners' association shares the Board's error in applying the presumption. It thus substantially understates the rate base and, correspondingly, the minimum adequate rate to which the petitioner would be entitled. Thus, a recalculation is called for and a rate increase in conformity with the credible evidence is appropriate. Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.