■ In the Matter of BENNETT ROAD SEWER COMPANY, INC., Respondent, v TOWN BOARD OF TOWN OF CAMILLUS et al., Appellants. [709 NYS2d 768] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Town Board of Town of Camillus for further proceedings in accordance with the following Memorandum: The facts of this case are set forth in our prior decision in Bennett Rd. Sewer Co. v Town Bd. (243 AD2d 61). Following our dismissal of that part of the action seeking certain declaratory relief based on the failure to file proofs of service within 15 days after the Statute of Limitations had expired (see, CPLR former 306-b [a]), petitioner commenced this CPLR article 78 proceeding within 15 days of that dismissal (see, CPLR former 306-b [b]). Petitioner sought the same relief, and Supreme Court granted the petition in part. We now modify that judgment.

Pursuant to our decision, the court properly directed respon-

dent Town of Camillus (Town) to collect and pay to petitioner a $360 tap-in fee for each unit that had tapped into petitioner's facilities (*see, Bennett Rd. Sewer Co. v Town Bd., supra,* at 65, 67). The court erred, however, in determining that petitioner is entitled to tap-in fees incurred prior to May 8, 1990; we previously determined that petitioner is entitled to tap-in fees "for the six years prior to the commencement of this action" (*Bennett Rd. Sewer Co. v Town Bd., supra,* at 67), and the action to which we referred in our prior decision was commenced on May 8, 1996. The court further erred in ordering the Town to collect and pay to petitioner an additional $75 in tap-in fees; there is no support in the record for that relief.

Because the first action commenced by petitioner against respondents and the action commenced by the Town against petitioner were terminated by a consent order, the court erred in consolidating those actions with petitioner's second and third actions against respondents (*see, Bennett Rd. Sewer Co. v Town Bd., supra,* at 64-65).

We agree with the court that the determination of respondent Town Board of Town of Camillus (Board) that petitioner was not entitled to a rate increase was arbitrary and capricious (*see,* CPLR 7803 [3]). Petitioner is "entitled to rates which are 'fair, reasonable and adequate' (Transportation Corporations Law § 121) and may not be denied a reasonable rate of return on its investment" (*Huff v C.K. Sanitary Sys.,* 260 AD2d 892, 897). Petitioner constructed the current sewer system in seven sections. At the hearing before the Board on the petitions for a rate increase, petitioner admitted that it no longer had documentary proof establishing the actual cost of construction of sections four through seven of the sewer system. Petitioner hired an engineering consultant, however, who prepared an estimate of those construction costs. Based upon the testimony of that expert and the numerous documents submitted by petitioner, we conclude that petitioner established that the current sewer rates were inadequate.

In response to that evidence in support of a rate increase, a civil engineer testified for the Town that petitioner was not entitled to a rate increase. He based that opinion upon the lack of documentary proof submitted by petitioner for the construction of sections four through seven, although he acknowledged that those sections were in fact constructed by petitioner. He essentially testified that, because petitioner lost the documents establishing the actual costs of construction, it therefore could not recover those costs. We conclude that the testimony of the civil engineer was not rational and that the Board's determina-

tion, which relied on that testimony, was arbitrary and capricious.

We conclude, however, that the court erred in setting a new sewer rate of $427.35, the amount proposed by petitioner. The proper remedy is to remit the matter to the Board for reconsideration of the rate applications (*see, Matter of Heritage Hills Sewage Works Corp. v Town Bd.,* 245 AD2d 450, 454).

We therefore modify the judgment in accordance with the Memorandum herein, and we remit the matter to the Board to determine a rate increase in conformity with the credible evidence before it. "Additional submissions and hearings are not necessary" (*Matter of Heritage Hills Sewage Works Corp. v Town Bd.,* 189 AD2d 816, 817-818). (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.