■ STATE OF NEW YORK, Respondent, v CITY OF YONKERS, Appellant. [826 NYS2d 672]—

In an action pursuant to ECL 71-1929, inter alia, to enjoin the defendant from discharging untreated sewage into the Bronx River, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), entered February 22, 2005, which granted the plaintiff's motion for summary judgment on its claims for injunctive relief and for severance of its claim for civil penalties, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff established its prima facie entitlement to summary judgment on its claims for injunctive relief by demonstrating that the defendant was discharging untreated sewage from 17 of its storm sewer outfall pipes into the Bronx River in violation of ECL 17-0501 and 17-0803 and that those discharges created a public nuisance (*see e.g. Wheeler v Lebanon Val. Auto Racing Corp.*, 303 AD2d 791 [2003]; *Matter of Howard v Cahill*, 290 AD2d 712 [2002]; *Matter of Colella v New York State Dept. of Envtl. Conservation*, 196 AD2d 162 [1994]; *Flacke v Salem Hills Sewage Disposal Corp.*, 91 AD2d 739 [1982]; *Town of Hempstead v City of New York*, 88 Misc 2d 366 [1976]; *Catskill Mtns. Ch. of Trout Unlimited, Inc. v City of New York*, 244 F Supp 2d 41 [2003], *affd in part* 451 F3d 77 [2006]). In opposition, the defendant failed to raise a triable issue of fact (*see John v Tishman Constr. Corp. of N.Y.*, 32 AD3d 458 [2006]; *Pastore v Zlatniski*, 122 AD2d 840, 841 [1986]; *Matter of De Roche v Osborne*, 179 Misc 589, 592 [1942]; *United States v City of Toledo*, 867 F Supp 598, 602 [1994]; *Public Interest Research*

*Group of N.J. v Yates Indus., Inc.,* 757 F Supp 438, 447 [1991]). Therefore, the Supreme Court properly granted the plaintiff's motion.

The defendant failed to establish its prima facie entitlement to summary judgment dismissing the complaint (*see Napoli v Ambus, Inc.,* 31 AD3d 623 [2006]). Contrary to the defendant's contention, its State Pollutant Discharge Elimination System permit for stormwater discharges does not authorize it to discharge untreated sewage through its stormwater sewers (*see* ECL 17-0803, 17-0105 [17]; 17-0509 [2]; *Biggane v City of Lackawanna,* 80 Misc 2d 816 [1974]). Accordingly, we need not review the sufficiency of the plaintiff's opposition papers, and the Supreme Court properly denied the defendant's cross motion.

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Lunn, JJ., concur.