■ In the Matter of HERITAGE HILLS SEWAGE WORKS CORPORATION, Appellant, v TOWN BOARD OF TOWN OF SOMERS et al., Respondents. HERITAGE HILLS SOCIETY LTD., Intervenor-Respondent. [863 NYS2d 255]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Somers dated February 6, 2005, which, after a hearing, inter alia, granted the petitioner's application for a rate increase in connection with its provision of sewage treatment services only to the extent of granting a 3.8% rate increase for such services, and prospectively allocated, to the petitioner's existing customers, 80% of any future revenue that may be generated by the petitioner's sale of excess sewage treatment capacity, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered March 30, 2007, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by delet-

ing the provisions thereof, in effect, denying that branch of the petition which was to review so much of the determination as prospectively allocated future revenues that may be generated by the petitioner's sale of excess sewage treatment capacity and dismissing that portion of the proceeding and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, that branch of the petition is reinstated, and so much of the determination as prospectively allocated, to the petitioner's existing customers, 80% of any future revenue that may be generated by the petitioner's sale of excess sewage treatment capacity, is annulled.

The determination of the Town Board of the Town of Somers (hereinafter the Town Board) to partially grant the petitioner's rate-increase application, by approving only a 3.8% rate increase for sewage treatment services, was rational and was not arbitrary and capricious (*see generally Matter of Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus*, 273 AD2d 902 [2000]; *Matter of Heritage Hills Sewage Works Corp. v Town Bd. of Town of Somers*, 245 AD2d 450 [1997]; *cf. Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]; *Matter of Pagnozzi v Planning Bd. of Vil. of Piermont*, 292 AD2d 613 [2002]). The Town Board's determination regarding the rate increase provides for "fair, reasonable and adequate rates" (Transportation Corporations Law § 121), and the rate increase determination is "just and reasonable" (*Matter of Abrams v Public Serv. Commn. of State of N.Y.*, 104 AD2d 135, 137 [1984], *affd* 67 NY2d 205 [1986]).

However, so much of the Town Board's determination as prospectively allocated, to the petitioner's existing customers, 80% of any future revenue that may be generated by the petitioner's sale of excess sewage treatment capacity, thus leaving only 20% to the petitioner's shareholders, was irrational, arbitrary, and capricious. Pursuant to Transportation Corporations Law § 121, the Town Board may seek review of the petitioner's rates in the event that the petitioner acquires a larger customer base and fails to fairly reapportion its per-customer rate base (*see* Transportation Corporations Law § 121 ["Rates shall be reviewable at intervals of not more than five years or at any time by petition of the corporation or motion by the local governing body on written notice after a period of ninety days"]). Indeed, should the petitioner acquire new

customers, then, pursuant to Transportation Corporations Law § 121, there must be "fair, reasonable and adequate rates agreed to between the corporation and the local governing body or bodies." Morever, the petitioner must receive Town Board approval before laying down any new pipes, sewers, or conduits that might be required to extend its service to future customers (*see* Transportation Corporations Law § 122). Thus, the Town Board may only rationally make any necessary determinations regarding rate-setting and revenue allocation with respect to new customers when, and if, new customers are actually acquired by the petitioner. For the Town Board to do so now, without a full understanding of the particular circumstances under which any new customer might become part of the petitioner's customer base, is an arbitrary and capricious exercise on the part of the Town Board. Since this part of the Town Board's determination lacked a rational basis, it cannot stand (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 222-223). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.