In the Matter of FREDERICK J. SHELLARD et al., Appellants, v TOWN BOARD OF THE TOWN OF QUEENSBURY et al., Respondents. [895 NYS2d 595]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered July 6, 2009 in Warren County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town Board of the Town of Queensbury approving an increase in sewer rates.

Respondent Top of the World Utility Company, Inc.* (hereinafter respondent) is a corporation that provides sewer service to a townhouse complex in the Town of Queensbury, Warren

---

* The corporation's proper name is apparently Top O' the World Sewer Company, Inc.

County. The complex was approved to contain up to 170 residential units, but currently has 69 built units, a sports complex, golf course and restaurant. Petitioner Frederick J. Shellard owns one of the townhouses in the complex and petitioner Top of the World Homeowners' Association, Inc. (hereinafter the Association) represents the owners of all built units in the complex. Respondent informed the Association and respondent Town Board of the Town of Queensbury that it intended to increase the sewer rates it charges. The Board discussed the issue at a workshop meeting, with petitioners and respondent present and participating. Both sides then submitted proposals to the Board by letter. At a regular meeting, the Board approved a resolution increasing the rate from $320 to $640 per unit. Petitioners commenced this combined declaratory judgment action and CPLR article 78 proceeding seeking, among other things, to annul the Board's resolution. Supreme Court dismissed the petition/complaint. Petitioners appeal.

Initially, a rate-making decision is deemed a legislative act rather than an administrative one, rendering it reviewable through a declaratory judgment action rather than a CPLR article 78 proceeding (*see Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400, 407-408 [1969]; *Salem Hills Sewage Disposal Corp. v Village of Voorheesville*, 80 AD2d 479, 480 [1981]). Thus, the CPLR article 78 proceeding was appropriately dismissed.

The Board adhered to the statutory requirements for approving a change in the sewer rate. Pursuant to statute and the offering plan for the complex, respondent was obligated to provide sewer service at "fair, reasonable and adequate rates" agreed to between it and the Board (Transportation Corporations Law § 121). "Rates shall be reviewable at intervals of not more than five years or at any time by petition of the corporation or motion by the local governing body on written notice after a period of ninety days. The petition of a corporation shall be determined within ninety days of its filing, and in the event a determination is not rendered within such period of time, the petition shall be deemed approved" (Transportation Corporations Law § 121). The statute's use of the word "petition" does not require a verified petition such as is necessary to commence a legal proceeding; the letter from respondent's president was a sufficient request for the Board to act. As the statute does not explicitly require a hearing, and even permits a rate increase to become effective by mere inaction, no formal hearing was required.

Despite a hearing not being required, the Board discussed the

issue at two public meetings and permitted interested parties to speak and submit written responses or proposals. The Board was not limited to considering information raised only at Board meetings, but could consider other information it received. Although the Board did not mention petitioners' alternative proposal, that proposal actually suggested a higher per-unit rate of $660, albeit with the rate applied to the 101 undeveloped units as well. Units upon which a residence could potentially be built are not disposing of anything into the sewer system, so it was reasonable to apply the sewer charges only to those units actually capable of currently using the system (cf. *Matter of Heritage Hills Sewage Works Corp. v Town Bd. of Town of Somers*, 54 AD3d 673, 674 [2008]). Considering the lack of increases for over 20 years, plus financial data showing that respondent would be operating the sewer system at a loss even after the rate increase, the new rate appears fair, reasonable and adequate (*see* Transportation Corporations Law § 121).

Petitioners' contention that the Board violated the Open Meetings Law (*see* Public Officers Law §§ 103, 104) is not preserved for our review, and is also not supported by the record.

Supreme Court dismissed the petition/complaint, but did not issue a declaration as is required in a declaratory judgment action (*see* CPLR 3001). We therefore declare that the Board's resolution setting respondent's sewer rates is valid.

Cardona, P.J., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring valid the July 8, 2008 resolution adopted by respondent Town Board of the Town of Queensbury setting sewer rates for respondent Top of the World Utility Company, Inc., and, as so modified, affirmed.