■ In the Matter of ROBERT M. GABRIELLI et al., Appellants, v TOWN OF NEW PALTZ et al., Respondents. [939 NYS2d 641]—

McCarthy, J. Appeal from an order and judgment of the Supreme Court (Melkonian, J.), entered March 31, 2011 in Ulster County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to, among other things, review a determination of respondent Town Board of the Town of New Paltz enacting Local Laws Nos. 1, 2 and 3 (2010) of the Town of New Paltz.

To ensure its continued participation in the National Flood Insurance Program and potentially obtain reduced insurance rates for property within its borders, respondent Town of New Paltz began drafting new zoning ordinances addressing development and construction standards in floodplains. Respondent Town Board of the Town of New Paltz declared itself lead agency and determined that adoption of the ordinances was a type I action under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). The Town's engineer prepared an environmental assessment form (hereinafter EAF) that did not note any potential large impacts. Pursuant to General Municipal Law §§ 239-m and 239-n, the Ulster County Planning Board approved the proposed floodplain laws (Local Laws Nos. 1, 2 and 3 [2010] of the Town of New Paltz). The Town Environmental Conservation Board and the Town Planning Board each recommended passage of the laws as well. After holding a public hearing and receiving comments on the floodplain laws, the Town Board issued negative declarations under SEQRA and adopted the laws. Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging, among other things, that the laws must be annulled because respondents failed to comply with SEQRA. Supreme Court dismissed the petition. Petitioners appeal.

The Town Board satisfied its obligations under SEQRA. To fulfill SEQRA's goal to "minimize or avoid adverse environmental effects" (ECL 8-0109 [1]), the lead agency must identify "the relevant areas of environmental concern, [take] a 'hard

look' at them, and [make] a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *accord Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]). While type I actions, such as amendments of zoning ordinances, are presumed "likely to have a significant adverse impact on the environment and may require an" environmental impact statement (6 NYCRR 617.4 [a] [1]), the preparation of such a statement is not a per se requirement for a type I action (*see Matter of Mombaccus Excavating, Inc. v Town of Rochester, N.Y.*, 89 AD3d 1209, 1211 [2011], *lv denied* 18 NY3d 808 [2012]; *Matter of Citizens for Responsible Zoning v Common Council of City of Albany*, 56 AD3d 1060, 1061 [2008]). A lead agency may issue a negative declaration, thereby obviating the need to prepare an environmental impact statement, if the agency has determined that the action will result in "no adverse environmental impacts or that the identified adverse environmental impacts will not be significant" (6 NYCRR 617.7 [a] [2]; *see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 82 AD3d 1377, 1378 [2011]). A court may only annul an agency's determination to issue a negative declaration where it is "arbitrary, capricious or unsupported by the evidence" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232).

The Town Board had before it the EAF, a summary from the Town engineer, public comments, approval of the Ulster County Planning Board and recommendations of the Town Planning Board and the Town Environmental Conservation Board. While petitioners assert that the public comments were mainly opposed to adoption of the floodplain laws, most of the comments addressed economic issues and did not raise environmental concerns. The EAF did not note any potential large impacts, only some small to moderate impacts. The EAF's comments on areas with such potential impacts indicate that most of those impacts would be beneficial. As no adverse impacts were identified, and the EAF instead noted that any impacts would be neutral or beneficial to the environment, the Town Board did not err in issuing negative declarations (*see* 6 NYCRR 617.7 [a] [2]; *see also Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 690 [1996]; *Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven*, 47 AD3d 267, 273-274 [2007], *affd* 12 NY3d 735 [2009], *cert denied* 558 US —, 130 S Ct 96 [2009]; *Matter of McCarthy v Town of Smithtown*, 19 AD3d 695, 696 [2005]).

The negative declarations—adopted by resolutions of the

Town Board—satisfied the requirement for "a written form containing a reasoned elaboration" for the determination and references to supporting documentation (6 NYCRR 617.7 [b] [4]). Although the resolutions themselves do not contain sufficient elaboration, they specifically refer to the EAF.* The EAF here consists of more than just checked boxes; the expanded additional comments on the EAF constitute a reasoned elaboration for the areas identified as potentially being affected by the floodplain laws (*compare Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 82 AD3d at 1379; *Matter of Bauer v County of Tompkins*, 57 AD3d 1151, 1153 [2008]). Because those comments relate to beneficial impacts, with no adverse impacts having been raised, the Town Board complied with its obligations under SEQRA.

Supreme Court was required to declare the rights of the parties, one way or the other, because petitioners sought a declaratory judgment (*see* CPLR 3001; *Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am.*, 73 AD3d 1257, 1262 [2010], *lv denied* 15 NY3d 715 [2010]; *Matter of Shellard v Town Bd. of the Town of Queensbury*, 70 AD3d 1288, 1290 [2010]). We therefore modify the judgment by issuing a declaration that the floodplain laws are valid.

Mercure, A.P.J., Rose, Spain and Malone Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by declaring that Local Law Nos. 1, 2 and 3 (2010) of the Town of New Paltz are valid, and, as so modified, affirmed.

---

* We note that the better practice would be for a lead agency to include the reasoned elaboration for its SEQRA determination within the written form or resolution containing that determination, rather than merely referring to other documents that contain the elaboration.