Matter of Hohman v Town of Poestenkill (2020 NY Slip Op 00013)





Matter of Hohman v Town of Poestenkill


2020 NY Slip Op 00013


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

527125

[*1]In the Matter of Kenneth Hohman et al., Appellants,
v
Town of Poestenkill et al., Respondents.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Kenneth Hohman and Lori Friday, Poestenskill, appellants pro se.
John T. Casey Jr., Town Attorney, Poestenskill, for respondents.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered August 9, 2018 in Rensselaer County, which, among other things, in a proceeding pursuant to CPLR article 78, dismissed the petition.
The Barberville Nature Preserve (hereinafter the nature preserve) is an approximately 138-acre parcel of property owned and maintained by the Nature Conservancy as a designated "forever wild" natural resource area located within the Town of Poestenkill, Rensselaer County. In 2015, after learning that the Nature Conservancy was interested in potentially divesting itself from ownership of the nature preserve, the Town Board of respondent Town of Poestenkill entered into preliminary negotiations with the Nature Conservancy regarding the potential acquisition thereof and, in August 2015, an advisory committee was created to develop a draft plan and explore potential issues should the Town elect to move forward with such an acquisition. Following receipt of the advisory committee's findings and several public hearings conducted with regard to the potential acquisition, at a February 2018 meeting, the Town Board classified the land acquisition as a type I action pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), inasmuch as it involved the acquisition of over 100 contiguous acres of land (see 6 NYCRR 617.4 [b] [4]), designated itself as lead agency and thereafter prepared a full environmental assessment form (hereinafter EAF). At the next Town Board meeting in March 2018, the Town Board reviewed the completed EAF and issued a negative declaration, concluding that acquisition of the nature preserve would have "no adverse environmental impact."
In April 2018, petitioners commenced this CPLR article 78 proceeding seeking to, among other things, rescind the Town Board's negative declaration, contending that it failed to comply with SEQRA. Respondents answered, asserting, among other affirmative defenses, petitioners' lack of standing, and they counterclaimed for a declaratory judgment that the Town complied with all applicable laws and regulations and that the Town Board's negative declaration was lawful and proper. By judgment entered August 9, 2018, Supreme Court concluded that petitioners lacked standing, dismissed the petition and granted respondents' counterclaim for a declaratory judgment. Petitioners appeal.
We affirm. Petitioners do not have standing to challenge the Town's SEQRA determination. It is well settled that standing to challenge an alleged SEQRA violation by a governmental entity requires a petitioner to demonstrate "that it would suffer direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774 [1991]; see Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310 [2015]; Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 304 [2009]; Schulz v Town Bd. of the Town of Queensbury, 178 AD3d 85, 88 [2019]). Importantly, "[p]etitioners must have more than generalized environmental concerns to satisfy that burden and, unlike . . . cases involving zoning issues, there is no presumption of standing to raise a SEQRA or other environmental challenge based on a party's close proximity alone" (Matter of Village of Woodbury v Seggos, 154 AD3d 1256, 1258 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 410 [1987]; Matter of Shapiro v Torres, 153 AD3d 835, 836 [2017]). Ultimately, a municipality's determination to issue a negative declaration should be annulled only where it is determined to be "arbitrary, capricious or unsupported by the evidence" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [2007]; accord Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1350 [2013]; Matter of Gabrielli v Town of New Paltz, 93 AD3d 923, 924 [2012], lv denied 19 NY3d 805 [2012]).
Here, petitioners claim of standing is based upon the fact that they own property directly adjacent to the nature preserve and have asserted concerns that the Town, in conducting its SEQRA review, failed to consider the impact of increased motor vehicle and pedestrian traffic and/or the environmental effect that a newly proposed parking lot and hiking trail would have on the nature preserve. Initially, assuming, without deciding, that petitioners adequately established their ownership interest in the property directly adjacent to the nature preserve, their position as adjacent landowners does not automatically confer standing on them to challenge the Town Board's negative declaration (see Matter of Village of Woodbury v Seggos, 154 AD3d at 1258). Moreover, petitioners' asserted concerns fail to allege any unique or distinct injury that they will suffer as a result of the Town's proposed land acquisition that is not generally applicable to the public at large (see Matter of Buerger v Town of Grafton, 235 AD2d 984, 985 [1997], lv denied 89 NY2d 816 [1997]).
The proposed land acquisition does not involve any change in zoning, and the Town has not proposed any change in the use or character of the nature preserve. Rather, the Town intends to maintain the nature preserve in the same manner as it has been used for decades — as a natural resource area both promoting and protecting the environmental, recreational, historical and cultural resources of the nature preserve for the public's use and enjoyment. Notably, the asserted injuries referenced by petitioners do not directly arise from the Town's potential land acquisition and, instead, largely involve conditions that have preexisted said acquisition for decades — conditions that petitioners hope will be ameliorated should the proposed acquisition be finalized. Upon review, therefore, we find that petitioners' alleged injuries are speculative and conjectural and fail to demonstrate direct or specific injury different from that suffered by the general public in the vicinity of the nature preserve (see Schulz v Town Bd. of the Town of Queensbury, 178 AD3d at 88-89; Matter of Village of Woodbury v Seggos, 154 AD3d at 1258-1259; Matter of Powers v De Groodt, 43 AD3d 509, 513 [2007]; Matter of Buerger v Town of Grafton, 235 AD2d at 985; see also Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 943-944 [2016], lv denied 28 NY3d 903 [2016]). Accordingly, we find that Supreme Court properly dismissed the petition based upon petitioners' lack of standing.
Supreme Court also properly granted respondents' counterclaim for a declaratory judgment. In conducting its SEQRA review, the Town Board prepared a full EAF indicating that the subject land acquisition presented no zoning changes and no substantial changes in the use of the property. The EAF also demonstrated that the relevant environmental concerns were reviewed and considered, including the fact that the only anticipated impact on the land would be the construction of a parking area of less than one acre — creating an additional 6 to 10 parking spaces — which would not substantially increase noise or use of the nature preserve nor substantially impact the nature preserve's ecological system. The Town Board also considered the findings of its advisory committee, a draft proposed local law and a draft management plan prepared in anticipation of the potential acquisition of the nature preserve, which demonstrate the Town's intent to maintain the property in its natural state, as a nature preserve for the continued use and enjoyment by the public. The Town Board also took into consideration comments from concerned citizens, including petitioners, during various Town Board meetings wherein the proposed land acquisition was discussed. Accordingly, given the factors considered by the Town Board in rendering its resolution issuing a negative declaration, we find that the Town complied with its obligations under SEQRA and, therefore, Supreme Court properly granted respondents' counterclaim declaring its negative declaration to be lawful and proper (see 6 NYCRR 617.7 [a], [b]; Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d at 1350; Matter of Gabrielli v Town of New Paltz, 93 AD3d at 925). In light of our conclusions, petitioners' remaining contentions have been rendered academic.
Garry, P.J., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.