*1035 OPINION OF THE COURT
Joseph D. Valentino, J.
By notice of petition and petition filed March 16, 2011, petitioner challenges respondent’s February 25, 2011 negative declaration pursuant to the State Environmental Quality Review Act (SEQRA) with respect to the proposed CCC-Center for Performing Arts, an unlisted action. Petitioner seeks a judgment pursuant to CPLR article 78 against respondent City of Auburn: (1) annulling the negative declaration of the Auburn City Council; (2) enjoining respondent from approving or going forward with this project or any other related project until it has complied with the procedural and substantive requirements of SEQRA (ECL art 8) and related regulations, including preparation of an environmental impact statement; (3) requiring respondent to evaluate its plan as a whole and not merely segments thereof, pursuant to SEQRA; (4) allowing costs and disbursements; and (5) granting such other and further relief.
Petitioner’s Claims
In his first claim, petitioner asserts that respondent failed to take a hard look at the environmental issues and the City did not adequately address the identified environmental issues before issuing a negative declaration. Petitioner points to respondent’s failure to examine existing air quality and surface or groundwater quality or quantity, noise levels, existing traffic patterns, solid waste production or disposal, drainage or flooding problems, impact on the community’s existing plans to develop the Schine Theater, impacts on further development in the downtown area, increased number of visitors, impact of demolition on neighboring buildings, variances needed and ingress or egress of emergency vehicles to the proposed building.
Next, petitioner claims that respondent improperly segmented the project by failing to consider the construction phase in its short environmental assessment form (EAF), leaving the construction phase up to the college. Petitioner further alleges that by issuing a negative declaration and awarding a demolition contract in advance of compliance with SEQRA, respondent failed to perform its duty, proceeded in excess of its jurisdiction, rendered an arbitrary and capricious decision, and abused its discretion. Petitioner contends that respondent is required to prepare a full environmental impact statement (EIS).
Also, petitioner contends that respondent failed to include as involved agencies the State Departments of Health and Labor. *1036 In addition, petitioner claims that respondent failed to involve the public and limited his access to documents and curtailed public comment. In his fifth claim, petitioner asserts that the short EAF was improperly amended when an eight-page supplement was added on February 24, 2011. Additionally, petitioner asserts that following the negative declaration, respondent revised the project description and incorporated that into a supplement to the negative declaration which was not voted upon by City Council. And last, petitioner asserts that respondent violated SEQRA procedures.
Respondent filed an answer opposing petitioner’s requests for relief seeking dismissal of the petition. Respondent stipulated to the 290-page record submitted by petitioner. Attached to respondent’s answer is the affidavit of Stephen M. Selvek, respondent’s City Planner and the documents he prepared in connection with the EAF.
On April 18, 2011, petitioner moved for an order requiring respondent to file a complete certified record and replied to respondent’s answer with a 23-page affirmation and four exhibits. Additionally, petitioner contends that respondent’s negative declaration is really a conditioned negative declaration and respondent has not followed regulations pursuant to a conditioned negative declaration. Plaintiff reiterates that respondent failed to take a “hard look” at the environmental issues, including existing contaminants, noise, traffic patterns, parking, solid waste production or disposal, drainage or flooding problems. Petitioner also faults respondent for ignoring the Schine Theater and allowing it to fall into further disrepair and reiterates a host of other shortcomings concerning the respondent’s short EAF.
On April 20, 2011 petitioner and respondent appeared by counsel for oral argument.
Background
On January 6, 2011, respondent declared its intent to act as lead agency for SEQRA purposes with respect to the proposed Center for Performing Arts & Education Project. The first page of the short EAF is dated February 17, 2011, when it was prepared by Selvek. On February 17, 2011, City Council tabled its determination until February 24, 2011 and requested that further details be provided in the EAF. A supplement to the short EAF is dated February 24, 2011. On February 24, 2011, respondent’s City Council in a three-two vote issued a negative *1037 declaration and authorized the award of a demolition contract. The negative declaration is dated February 25, 2011, and a two-page supplement dated February 25, 2011 summarizing the project is attached to the negative declaration, as well as the supplement dated February 24, 2011.
Discussion
“The basic purpose of SEQR [State Environmental Quality Review] is to incorporate the consideration of environmental factors into the existing planning, review and decision-making processes of state, regional and local government agencies at the earliest possible time. To accomplish.this goal, SEQR requires that all agencies determine whether the actions they directly undertake, fund or approve may have a significant impact on the environment, and, if it is determined that the action may have a significant adverse impact, prepare or request an environmental impact statement [EIS]” (6 NYCRR 617.1 [c]).
“SEQRA [State Environmental Quality Review Act] insures that agency decision-makers — enlightened by public comment where appropriate — will identify and focus attention on any environmental impact of proposed action, that they will balance those consequences against other relevant social and economic considerations, minimize adverse environmental effects to the maximum extent practicable, and then articulate the bases for their choices” (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 414-415 [1986]).
“In assessing the significance of a proposed action under SEQRA, the lead agency must ‘thoroughly analyze the identified relevant areas of environmental concern to determine if the action may have a significant adverse impact on the environment; and . . . set forth its determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation’ (6 NYCRR 617.7 [b] [3], [4])” (Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 347 [2003]).
“Where the lead agency concludes either that ‘there will be no adverse environmental impacts [from the action] or that the identified adverse environmental impacts will not be signifi *1038 cant,’ the agency may issue a negative declaration,” which obviates the requirement for an EIS {id., quoting 6 NYCRR 617.7 [a] [2]; see 6 NYCRR 617.2 [y]).
A court’s review of the administrative action in a SEQRA case is limited to the record made before the agency (see Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton, 279 AD2d 756, 760 [3d Dept 2001]). “[N]ot every conceivable environmental impact, mitigating measure or alternative, need be addressed in order to meet the agency’s responsibility [under SEQRA;] [t]he degree of detail [and] the reasonableness of the agency’s action . . . will depend largely on the circumstances surrounding the proposed action” (Matter of Neville v Koch, 79 NY2d 416, 425 [1992]; Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524 [1989]).
“Although the threshold triggering an EIS is relatively low, a negative declaration is properly issued when the agency has made a thorough investigation of the problems involved and reasonably exercised its discretion. Thus, a court’s review of that determination is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination” (Matter of Spitzer v Farrell, 100 NY2d 186, 190 [2003] [internal quotation marks, citations and brackets omitted]).
A negative declaration is properly issued when the agency has made a thorough investigation of the problems involved and reasonably exercised its discretion (id.; see Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 364 [1986]). “It is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively.” (Chinese Staff & Workers Assn. v City of New York at 363.)
An “involved agency” is defined in the SEQRA regulations as “an agency that has jurisdiction by law to fund, approve or directly undertake an action” (6 NYCRR 617.2 [s]). The “action” under challenge in this proceeding is the demolition, transfer and construction. Although the state agencies listed by petitioner may arguably exert regulatory authority over certain aspects of the action, no showing has been made, or could have been made, that any of them had jurisdiction to fund, approve, or directly undertake the action in question. The court concludes that respondent’s failure to identify the agencies proposed by *1039 petitioner as “involved agencies” or to coordinate review of the proposed action with these agencies did not, therefore, violate SEQRA.
Furthermore and upon review of the record, the court concludes that respondent met its obligations under SEQRA to identify relevant areas of environmental concern, take a hard look at them, and make a reasoned elaboration of the basis for its determination (see Matter of Spitzer v Farrell, supra). Respondent has not engaged in improper segmentation of the project (see generally Scott v City of Buffalo, 20 Misc 3d 1135[A], 2008 NY Slip Op 51738DJ] [2008], affd 67 AD3d 1393 [2009]). The issuance of the negative declaration was not affected by an error of law, arbitrary and capricious, or an abuse of discretion (Matter of Anderson v Lenz, 27 AD3d 942 [3d Dept 2006]). Petitioner’s disagreement with the conclusions reached in the negative declaration does not offer a basis for its rejection.
The stipulated record is sufficient for the court to decide the issues and the failure to include transcripts or videotapes of the City Council meetings, recorded by a third party, does not deprive the court of jurisdiction, contrary to petitioner’s argument (see Matter of Global Tel*Link v State of N.Y. Dept. of Correctional Servs., 70 AD3d 1157 [3d Dept 2010]). Petitioner’s motion for transcripts of the City Council meetings is denied (see id.).
For the reasons recited herein, petitioner’s verified petition is dismissed.