# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

670

CA 11-01200

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOSEPH A. CAMARDO, JR.,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

CITY OF AUBURN, RESPONDENT-RESPONDENT.

---

UNDERBERG & KESSLER, LLP, ROCHESTER (RONALD G. HULL OF COUNSEL), FOR
PETITIONER-APPELLANT.

JOHN C. ROSSI, CORPORATION COUNSEL, AUBURN (ANDREW S. FUSCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cayuga County
(Joseph D. Valentino, J.), entered April 26, 2011 in a proceeding
pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the petition is
granted, and the matter is remitted to respondent for further
proceedings in accordance with the following Memorandum: Petitioner
commenced this CPLR article 78 proceeding challenging the issuance of
a negative declaration of environmental significance with respect to
the proposed demolition of a building and the subsequent transfer of
the property and construction of a performing arts center. Petitioner
challenged the negative declaration on the ground that respondent
failed to take the requisite hard look at environmental impact,
improperly deferred resolution of environmental concerns until after
demolition, and improperly amended the negative declaration and the
notice of determination of non-significance. We conclude that Supreme
Court erred in dismissing the petition and instead should have granted
it.

We agree with petitioner that the negative declaration was
improper inasmuch as it identified the potential for a significant
adverse environmental impact resulting from the project. Respondent
recognized that additional environmental monitoring of the property
after demolition was recommended because of the possibility of
contaminants on the property. Respondent, however, did not require
that additional measures take place in the event that such
contamination was discovered after demolition. We conclude that the
statement in the negative declaration that further action may be
needed based on future monitoring was an improper delegation of
authority (*see Matter of Citizens Against Retail Sprawl v Giza,* 280

AD2d 234, 237). Rather, when faced with a potential future impact, respondent should have issued a conditioned negative declaration, which is appropriate for this "[u]nlisted action, . . . in which the action as initially proposed may result in one or more significant adverse environmental impacts [but] mitigation measures identified and required by the lead agency . . . will modify the proposed action so that no significant adverse environmental impacts will result" (6 NYCRR 617.2 [h]; *see Matter of Merson v McNally*, 90 NY2d 742, 752). There are additional procedural requirements when the lead agency issues a conditioned negative declaration in an unlisted action, none of which was satisfied here (*see* 6 NYCRR 617.7 [d]). We therefore grant the petition and annul the negative declaration, and we remit the matter to respondent for further proceedings.

We reject respondent's contention that the appeal should be dismissed as moot. Although the building has been demolished and it appears that construction on the project has begun or is about to begin, petitioner sought injunctive relief both at the trial court and in this Court and thus should not be precluded from raising his present challenge (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-729). We have considered petitioner's remaining contentions with respect to respondent's alleged noncompliance with the State Environmental Quality Review Act (ECL art 8), and we conclude that they are without merit.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court