ST. PETER'S ITALIAN CHURCH SYRACUSE, a Religious Corporation Duly Organized and Existing under and by Virtue of the Laws of the State of New York, of Syracuse, New York, Claimant, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 25223.)

THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, January 8, 1941.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden* and *Joseph I. Butler, Assistant Attorneys-General,* of counsel], for the defendant, appellant.

*Nash, Britcher & Eckel [John F. Nash* of counsel], for the respondent.

*Hiscock, Cowie, Bruce & Lee [Maurice F. Lane* of counsel], for The New York Central Railroad Company.

*John H. Walrath, Special Counsel,* for the Syracuse Grade Crossing Commission.

PER CURIAM. The claimant's property is located at the southeast corner of Burnet avenue and State street, in the city of Syra-

cuse, N. Y. It seeks to recover damages for the loss of light, air and access, caused by the elevation above grade of the tracks of the New York Central and West Shore Railroads.

When lands abut upon a public street there is appurtenant to such lands an easement of light, air and access over the public street. The owner of the lands may not be deprived of such easement without compensation. (*Harrison* v. *N. Y. C. R. R. Co.*, 255 App. Div. 183, 189; affd., 281 N. Y. 653.)

When lands adjoin private property an easement of light, air and access over such private property does not exist, under ordinary circumstances, merely because of the proximity of the lands to the private property. (*Pica* v. *Cross County Construction Corporation*, 259 App. Div. 128.)

The elevated structure of the railroads in the vicinity of claimant's property was erected partly upon public streets and partly upon a private right of way.

The claimant has been awarded damages for the loss of the light, air and access to the portion of its property abutting upon the public streets and also to the portion of its property adjoining the private right of way of the railroads.

It is the contention of the claimant that the elevated embankment is one structure and that the damages caused by the construction thereof upon the private right of way cannot be separated from the damages caused by the construction upon the streets.

One of the cases relied upon in support of this contention is *Lahr* v. *Metropolitan Elevated Railway Co.* (104 N. Y. 268). In that case plaintiff's property abutted upon a public street and the defendant constructed an elevated railway upon the street in front of such property. Damages were awarded to the plaintiff for the loss of light, air and access caused by such construction. The defendant argued that part of the loss of light and air was caused by the operation of the trains upon the elevated structure, that the defendant had the right granted by the Legislature to run its trains thereon, and that in computing damages the loss of light and air caused by the operation of trains should be separated from that caused by the elevated structure. The court held that the structure upon the street was illegal, that all of the damage was caused by the erection of such illegal structure and that the damages could not be separated.

Another case cited by the respondent is *Siegel* v. *New York & Harlem R. R. Co.* (62 App. Div. 290; revd., 173 N. Y. 644; revd., 200 U. S. 615). In that case it appeared that the defendants had the right to maintain their railroad on a twenty-four-foot strip, in the center of Park avenue, and erected an elevated structure fifty-

nine feet in width and extending on both sides of the twenty-four-foot strip. The plaintiff owned property fronting on Park avenue and was awarded damages for loss of light, air and access. The defendants contended that in computing the amount to be awarded there should be excluded the part of the structure on the twenty-four-foot strip. It was held that the structure was entire and that it would be impossible to separate the legal from the illegal part. It was further held that the damage was caused by the erection of the elevated structure in the avenue, and the fact that part of it was erected without warrant made the structure, as a whole, illegal.

It is to be noted that in both cases relied upon by the respondent the damages awarded were based upon loss of light, air and access over public streets, and that in neither case were any damages awarded for loss of easements over private property.

We are of the opinion that in the case under consideration the amount of compensation for the loss of the easement of light and air over the public streets can be separated from the loss of light and air over the private right of way and that compensation should not be awarded for the latter.

The compensation for the loss of the easement of light, air and access over the public streets may be recovered from the State of New York under chapter 825 of the Laws of 1928, known as the Syracuse Grade Crossing Elimination Act. (*Caldwell & Ward Brass Co.* v. *State of New York*, 161 Misc. 147; affd., 251 App. Div. 781; affd., 277 N. Y. 547.)

The judgment should be reversed upon the law and facts, with costs to the appellants to abide the event, and a new trial granted.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Judgment reversed on the law and facts, with costs to the appellants to abide the event, and a new trial granted.