In the Matter of SAVE OUR MAIN STREET BUILDINGS et al., Appellants, v GREENE COUNTY LEGISLATURE et al., Respondents. [740 NYS2d 715] —Rose, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 11, 2001 in Greene County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioners' lack of standing.

Petitioner Save Our Main Street Buildings (hereinafter SOMSB) is an unincorporated association organized to preserve the historic and cultural resources of the Village of Catskill in respondent Greene County, and the individual petitioners are members of SOMSB who live in the Village's East Side Historic District. In June 2001, after several years of investigating the feasibility of constructing a new office building in the Village, and after twice consulting engineering firms, the County issued a bond resolution calling for the acquisition and demolition of 10 buildings on or adjacent to Main Street in the Historic District and their replacement with a 108,000 square foot office building (hereinafter the Project). The County also issued a negative declaration of environmental significance for the Project under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). In reaching this conclusion, the County utilized an engineering firm which assessed the Project's potential environmental impacts and obtained the opinion of an architectural historian that the Project would not adversely affect the integrity of Main Street if, as is planned, the new building were placed so as to preserve the streetscape. The consultants noted that the Historic District comprises over 500 buildings, and that none of the buildings to be removed for the Project is listed as an historic structure. Further, a vacant lot left by the demolition of the former Newberry store building in 1997 and an existing convenience store parking lot already break the line of building facades along Main Street at the Project site.

Alleging a failure to comply with SEQRA requirements, petitioners commenced this CPLR article 78 proceeding to annul the County's resolution and negative declaration. Supreme Court then dismissed the petition, finding, inter alia, that petitioners lack standing to bring the proceeding. Petitioners appeal on the ground that their standing is established by their residence in "close proximity" to the Project. They also allege that their injuries are different from those which the general public will suffer. Scenic Hudson, the Preservation League

of New York State and the National Trust for Historic Preservation join in submitting an amicus curiae brief in support of petitioners' challenge, asserting that petitioners have standing by virtue of the fact that they live in the Historic District. We are unpersuaded and, accordingly, affirm.

To establish standing under SEQRA, "[i]t is well settled that unless the claimed SEQRA violation relates to a zoning enactment, a party must allege a specific environmental injury which is 'in some way different from that of the public at large' " (*Matter of Boyle v Town of Woodstock*, 257 AD2d 702, 704, quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774; *see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433; *Matter of Buerger v Town of Grafton*, 235 AD2d 984, 984-985, *lv denied* 89 NY2d 816). Generalized environmental concerns will not suffice and, when no zoning-related issue is involved, there is no presumption of standing to raise a SEQRA challenge based on a party's close proximity alone (*see, Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 760-761; *compare, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414).

In this proceeding, petitioner David Seamon alleges that he lives "in close proximity" to the Project, and that the Project will alter his viewshed and the character of the Historic District. Petitioners Rich Ahlberg and Jack Sencabaugh make similar claims as to their viewsheds and interests in the community's historic character. Petitioner George Jurgsatis also alleges such injuries, but adds that his antique business, located two blocks from the Project site, will also be adversely affected. Specifically, he alleges, "The public-at-large will not be subjected to daily views of an incongruent structure, nor will it suffer as I will, the adverse effects of increased pedestrian and vehicle traffic that will be generated by the Project." Petitioner Andi W. Bartczak alleges, inter alia, that she lives in close proximity to the Project, is a member of an organization dedicated to restoring Village business districts, and regularly conducts educational walks through the Village to highlight the historic and aesthetic qualities of Main Street.*

Although we have recognized standing when a party alleges

---

* In their petition and affidavits, the individual petitioners locate their residences by street addresses rather than by distances from the Project site. Supreme Court apparently used these addresses in determining that no petitioner resided within 1,000 feet of the Project. Although petitioners' brief asserts that Seamon and Jurgsatis live within 1,000 feet of the Project, the record contains only the claim that they live in "close proximity" to the project.

an adverse impact on a scenic view from his or her residence (*see, Matter of Steele v Town of Salem Planning Bd.*, 200 AD2d 870, 872, *lv denied* 83 NY2d 757), the record here supports Supreme Court's findings that the individual petitioners would not sustain the alleged visual impacts because their residences are not within sight of the Project and, as a result, any adverse effects on scenic view would be no different for them than for the public at large. As to Jurgsatis, the record reflects that he would have no direct view of the Project because his business is located on the same side of the street, and it wholly fails to show how increased pedestrian and vehicular traffic would harm, rather than benefit, his business. Moreover, standing cannot be based on the claim that "a project would 'indirectly affect traffic patterns, noise levels, air quality and aesthetics throughout a wide area'" (*Matter of Oates v Village of Watkins Glen, supra* at 760-761, quoting *Society of Plastics Indus. v County of Suffolk, supra* at 775; *see, Matter of Buerger v Town of Grafton, supra* at 985). Accordingly, Supreme Court did not err in concluding that none of the individual petitioners alleges a unique, direct environmental injury. Given that no individual petitioner has standing, SOMSB cannot be found to have organizational standing under the three-part test established in *Society of Plastics Indus. v County of Suffolk* (*supra* at 775).

Peters, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

