In the Matter of RENT STABILIZATION ASSOCIATION OF N.Y.C., INC., et al., Appellants, v A. GIFFORD MILLER et al., Respondents, and CORDELL CLEARE et al., Intervenors-Respondents. [789 NYS2d 126]—

Judgment (denominated an order), Supreme Court, New York County (Louis B. York, J.), entered September 1, 2004, dismissing this proceeding brought pursuant to CPLR article 78 on the grant of municipal respondents' motion, unanimously affirmed, without costs.

Petitioners' challenge to the validity of the New York City Childhood Lead Poisoning Prevention Act of 2003 (Local Law No. 1 [2004] of City of New York; *see* Administrative Code of City of NY, title 27, ch 2, subch 2, art 14) was rejected for lack of standing under the State Environmental Quality Review Act (ECL art 8; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761 [1991]). Their claim of environmental harm—that the local ordinance will lead to a reduction in affordable housing and an increase in cases of lead poisoning—is speculative and insufficient to establish "injury in fact" (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207 [2004]). Even if not speculative, the environmental harm alleged would be shared by the public at large, and is thus insufficient to confer individual standing on petitioners (*Society of Plastics Indus.*, 77 NY2d at 777-778). Since the instant case does not involve a zon-

ing enactment, petitioners are not entitled to the presumption that they have suffered harm (*Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908 [2002], *lv denied* 98 NY2d 609 [2002]; *Matter of Boyle v Town of Woodstock*, 257 AD2d 702, 704 [1999]; *cf. Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524 [1989]).

The rebuttable presumption in the law that paint in pre-1960 buildings has a lead base is rationally supported (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 641 [1996]; *see also Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 343 [2003]) and does not violate due process (*see generally Mobile, Jackson & Kansas City R.R. Co. v Turnipseed*, 219 US 35, 43 [1910]). The City Council did not exceed its authority in legislating this presumption, which is merely evidentiary and does not impose absolute liability (*see Juarez*, 88 NY2d at 643-644; *see also Elliott v City of New York*, 95 NY2d 730 [2001]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Gonzalez and Catterson, JJ.