# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202**

**CA 13-01558**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF SIERRA CLUB, PEOPLE FOR A
HEALTHY ENVIRONMENT, INC., COALITION TO PROTECT
NEW YORK, JOHN MARVIN, THERESA FINNERAN, MICHAEL
FINNERAN, VIRGINIA HAUFF AND JEAN WOSINSKI,
PETITIONERS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

VILLAGE OF PAINTED POST, PAINTED POST
DEVELOPMENT, LLC, SWEPI, LP,
RESPONDENTS-APPELLANTS,
AND WELLSBORO AND CORNING RAILROAD, LLC,
RESPONDENT-RESPONDENT.

---

HARRIS BEACH PLLC, PITTSFORD (JOSEPH D. PICCIOTTI OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

RICHARD J. LIPPES & ASSOCIATES, BUFFALO (RICHARD J. LIPPES OF
COUNSEL), AND RACHEL TREICHLER, HAMMONDSPORT, FOR
PETITIONERS-RESPONDENTS.

JANE E. TSAMARDINOS, ALBANY, FOR NEW YORK STATE CONFERENCE OF MAYORS
AND MUNICIPAL OFFICIALS, AMICUS CURIAE.

JAMES BACON, NEW PALTZ, FOR COMMUNITY WATERSHEDS CLEAN WATER
COALITION, INC., AMICUS CURIAE.

KATHERINE HUDSON, WATERSHED PROGRAM DIRECTOR, WHITE PLAINS, FOR
RIVERKEEPER, INC. AND KATHERINE SINDING, NEW YORK CITY, FOR NATURAL
RESOURCES DEFENSE COUNCIL, AMICI CURIAE.

---

Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Kenneth R. Fisher, J.), entered April 8, 2013 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, denied in part the motion of respondents Village of Painted Post, Painted Post Development, LLC, and SWEPI, LP to dismiss the petition and granted petitioners summary judgment on the first cause of action.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion of respondents-appellants is granted in its entirety and the petition is dismissed against them.

Memorandum:  The Village of Painted Post (Village), Painted Post Development, LLC and SWEPI, LP (collectively, respondents) appeal from a judgment insofar as it denied that part of their motion pursuant to CPLR 3211 and 3212 with respect to the first cause of action and awarded petitioners summary judgment on that cause of action.  Supreme Court otherwise granted respondents' motion and dismissed the second and third causes of action.  In denying that part of respondents' motion with respect to the first cause of action, the court concluded that petitioner John Marvin was the only petitioner who had standing to bring the proceeding and that the sole ground upon which he had standing was his "proximity and [his] complaint of train noise newly introduced into his neighborhood."  Based upon its determination that Marvin had standing, the court refused to dismiss the petition with respect to the remaining petitioners despite their lack of standing (*see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813, *cert denied* 540 US 1017; *Maraia v Orange Regional Med. Ctr.*, 63 AD3d 1113, 1115).  We agree with respondents that Marvin lacked standing, and we thus conclude that the court erred in refusing to dismiss the petition against them.

There is no dispute that "[c]ourts surely do provide a forum for airing issues of vital public concern, but so do public hearings and publicly elected legislatures, both of which have functioned here.  By contrast to those forums, a litigant must establish its standing in order to seek judicial review" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769).  "With the growth of litigation to enforce public values, such as protection of the environment, the subject of standing has become a troublesome one for the courts" (*id.* at 771).  " '[I]njury in fact' has become the touchstone" for standing (*id.* at 772), because "[t]he existence of an injury in fact-an actual legal stake in the matter being adjudicated-ensures that the party seeking review has some concrete interest in prosecuting the action" (*id.*).

It is well established that "[s]tanding requirements 'are not mere pleading requirements but [instead are] an indispensable part of the plaintiff's case[,]' and therefore 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof' " (*Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 306).  Where, as here, the proceeding does not involve a "zoning-related issue . . . , there is no presumption of standing to raise" a challenge under the State Environmental Quality Review Act ([SEQRA] ECL art 8) based solely on a party's proximity (*Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908, *lv denied* 98 NY2d 609; *see Matter of Rent Stabilization Assn. of N.Y.C., Inc. v Miller*, 15 AD3d 194, 194-195, *lv denied* 4 NY3d 709; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 761).  In such a situation, the party seeking to establish standing must establish that the injury of which he or she complains "falls within the 'zone of interests,' or concerns, sought to be promoted or protected" (*Society of Plastics Indus.*, 77 NY2d at 773), and that he or she "would suffer direct harm, injury that is in some way different from that of the public at large" (*id.* at 774; *see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433).

While we agree with petitioners that noise falls within the zone of interests sought to be protected by SEQRA (*see Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594-595; *Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 616, *lv denied* 93 NY2d 803; *see generally* ECL 8-0105 [6]), we conclude that respondents met their burden of establishing as a matter of law that Marvin did not sustain an injury that was different from that of the public at large.

This CPLR article 78 proceeding concerns Village resolutions that authorized the sale and export of excess water from the municipal water supply. To assist in the exportation of the water, the resolutions permitted the construction of a transloading facility to load the water onto trains that would then transport the water to the buyer in Pennsylvania. Respondents, in support of their motion, established that the trains that would transport the water would utilize an existing rail line that traversed the entire Village. In his affidavit in opposition to respondents' motion, Marvin contended that his house was "one-half block from the railroad line" and that, following commencement of the water shipments, he began to hear "train noises frequently, sometimes every night." Marvin averred that he "heard either the train whistle or the diesel engines themselves or both." The noise was allegedly so loud that it "woke [him] up and kept [him] awake repeatedly." Notably, Marvin raised no complaints concerning noise from the transloading facility itself.

The maps of the area submitted by respondents and petitioners in connection with the motion demonstrate that the rail line at issue runs through the entire Village, along a main thoroughfare. One image also establishes that there are a multitude of houses along the path of the railroad, many of which are closer to the rail line than Marvin's residence. As noted in an affidavit from two Village residents submitted by petitioners in opposition to the motion, the noise from the moving trains affected many of the Village residents, a large number of whom expressed their concerns at a village board meeting.

Inasmuch as we are dealing with the noise of a train that moves throughout the entire Village, as opposed to the stationary noise of the transloading facility, we conclude that Marvin will not suffer noise impacts "different in kind or degree from the public at large" (*Society of Plastics Indus.*, 77 NY2d at 778). "[S]tanding cannot be based on the claim that a project would indirectly affect . . . noise levels . . . throughout a wide area" (*Save Our Main St. Bldgs.*, 293 AD2d at 909 [internal quotation marks omitted]; *see Society of Plastics Indus.*, 77 NY2d at 775; *Oates*, 290 AD2d at 760-761; *cf. Matter of Muir v Town of Newburgh*, *N.Y.*, 49 AD3d 744, 746). Here, as in *Save Our Main St. Bldgs.*, because "none of the individual petitioners alleges a unique, direct environmental injury," none of the organizational petitioners can be found to have standing (*id.* at 909).

Based on our determination, we do not address respondents'

remaining contentions.

Entered:  March 28, 2014                          Frances E. Cafarell
                                                  Clerk of the Court