# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**640**

**CA 13-01718**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF DENNIS H. KINDRED, CHRISTINE C.
DELIBERT, ELIZABETH M. ALISANKUS, JANET R. CONNOR,
J. GRANT ESLER, MICHAEL J. CAREY AND KARIN STROH,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                                  MEMORANDUM AND ORDER

MONROE COUNTY AND MONROE COUNTY FAIR AND
RECREATION ASSOCIATION, INC.,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

BANSBACH ZOGHLIN P.C., ROCHESTER (MINDY L. ZOGHLIN OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-APPELLANTS.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (MALLORIE C. RULISON OF
COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT MONROE COUNTY.

HARTER SECREST & EMERY LLP, ROCHESTER (MEGAN K. DORRITIE OF COUNSEL),
FOR RESPONDENT-DEFENDANT-RESPONDENT MONROE COUNTY FAIR AND RECREATION
ASSOCIATION, INC.

---

Appeal from a judgment (denominated judgment/order) of the
Supreme Court, Monroe County (Thomas A. Stander, J.), entered July 10,
2013 in a CPLR article 78 proceeding and declaratory judgment action.
The judgment dismissed the petition/complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners-plaintiffs (petitioners) commenced this
hybrid CPLR article 78 proceeding and declaratory judgment action
seeking, inter alia, to annul the determination of respondent-
defendant Monroe County to permit respondent-defendant Monroe County
Fair and Recreation Association, Inc. to operate a four-day
agricultural festival in a County-owned park and to vacate the
County's negative declaration issued with respect thereto under the
State Environmental Quality Review Act ([SEQRA] ECL art 8).
Petitioners moved for a temporary restraining order and preliminary
injunction enjoining the festival from taking place during the
pendency of the litigation. Respondents-defendants (respondents)
filed objections in point of law seeking dismissal of the
petition/complaint on the ground, inter alia, that petitioners lacked
standing. Supreme Court determined that petitioners lacked standing
and dismissed the petition/complaint. We affirm.

Where, as here, the proceeding does not involve a "zoning-related issue . . . , there is no presumption of standing to raise a SEQRA challenge" based solely on a party's proximity (*Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908, *lv denied* 98 NY2d 609; *see Matter of Sierra Club v Village of Painted Post*, 115 AD3d 1310, 1311; *Matter of Rent Stabilization Assn. of N.Y.C., Inc. v Miller*, 15 AD3d 194, 194-195, *lv denied* 4 NY3d 709). In such a situation, parties seeking to establish standing must establish that the injury of which they complain "falls within the 'zone of interests,' or concerns, sought to be promoted or protected" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773), and that they "would suffer direct harm, injury that is in some way different from that of the public at large" (*id.* at 774; *see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433). Contrary to petitioners' contention, we conclude that the court properly determined that the environmental effects relied on by each petitioner to establish his or her standing are no different in either kind or degree from that suffered by the general public (*see Matter of Powers v De Groodt*, 43 AD3d 509, 513; *Matter of Many v Village of Sharon Springs Bd. of Trustees*, 218 AD2d 845, 845). We further conclude that the alleged environmentally related injuries are too speculative and conjectural to demonstrate an actual and specific injury-in-fact (*see Matter of New York Propane Gas Assn. v New York State Dept. of State*, 17 AD3d 915, 916). Thus, the court did not err in concluding that none of the petitioners has standing (*see Sierra Club*, 115 AD3d at 1312-1313; *Save Our Main St. Bldgs.*, 293 AD2d at 908-909).

Entered: July 3, 2014                    Frances E. Cafarell
                                          Clerk of the Court