# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**877**

**CA 13-01025**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF NIAGARA PRESERVATION
COALITION, INC., PETITIONER-PLAINTIFF-APPELLANT,

                       V                                MEMORANDUM AND ORDER

NEW YORK POWER AUTHORITY, GIL C. QUINIONES,
PRESIDENT AND CHIEF EXECUTIVE OFFICER OF NEW
YORK POWER AUTHORITY, NEW YORK STATE OFFICE
OF PARKS, RECREATION AND HISTORIC PRESERVATION,
ROSE HARVEY, COMMISSIONER, NEW YORK STATE
OFFICE OF PARKS, RECREATION AND HISTORIC
PRESERVATION AND MAID OF THE MIST CORPORATION,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

KNAUF SHAW LLP, ROCHESTER (LINDA R. SHAW OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (JOHN J. HENRY OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-RESPONDENTS NEW YORK POWER AUTHORITY AND GIL C.
QUINIONES, PRESIDENT AND CHIEF EXECUTIVE OFFICER OF NEW YORK POWER
AUTHORITY.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS NEW YORK STATE OFFICE
OF PARKS, RECREATION AND HISTORIC PRESERVATION AND ROSE HARVEY,
COMMISSIONER, NEW YORK STATE OFFICE OF PARKS, RECREATION AND HISTORIC
PRESERVATION.

DAMON MOREY LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT MAID OF THE MIST CORPORATION.

---

     Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.),
entered April 25, 2013 in a CPLR article 78 proceeding and declaratory
judgment action. The judgment dismissed the petition/complaint,
vacated a temporary restraining order and denied the application of
petitioner-plaintiff for injunctive relief.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

     Memorandum: Petitioner-plaintiff (petitioner) commenced this
hybrid CPLR article 78 proceeding/declaratory judgment action
(proceeding) seeking relief with respect to the development and

construction of a storage facility for boats owned by respondent-defendant Maid of the Mist Corporation (MOTM), located on property owned by respondent-defendant New York Power Authority (NYPA), and operated by respondent-defendant New York State Office of Parks, Recreation and Historic Preservation (Parks) as part of Niagara Falls State Park. MOTM and its predecessors in interest have operated boat excursions at the base of Niagara Falls since 1846. Consistent with MOTM's 40-year lease with Parks and 25-year lease with the Ontario (Canada) Niagara Parks Commission (NPC), the boats were dry-docked during the winter in a facility on the Canadian side of the Niagara River. NPC, however, rescinded its lease with MOTM and, in February 2012, awarded the Canadian license to Hornblower Canada (Hornblower), a California-based cruise company, thereby giving Hornblower exclusive rights to the Canadian dock facility as of January 1, 2014. On November 30, 2012, Parks, MOTM and NYPA entered into a memorandum of understanding concerning the development and construction of a storage facility for the MOTM boats, which would be located next to and over part of the former Schoellkopf Power Station No. 3, the ruins of which are listed in the National Register of Historic Places. Pursuant to the agreement, the facility would include a vertical marine lift to hoist boats out of the water, two platforms to serve as winter dry docks, and a 3,500-square-foot maintenance building, which would be built at MOTM's expense. Ownership of the facility would be subsequently transferred to Parks (*cf. Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation*, 22 NY3d 648, 652). NYPA, with the consent of Parks, assumed lead agency status for purposes of environmental review of the project pursuant to the State Environmental Quality Review Act (SEQRA). Following the completion of a full assessment form prepared by MOTM and NYPA, together with a supporting analysis prepared by an engineering firm, NYPA issued a negative declaration of significant adverse impact on the environment on February 19, 2013. Petitioner was formed on February 20, 2013 for the purpose of challenging the project, and it is undisputed that petitioner received assistance from Hornblower in establishing organizational status.

Petitioner commenced this proceeding on April 4, 2013, seeking annulment of the SEQRA determination and certain declaratory relief. Petitioners alleged, inter alia, that respondents-defendants (hereafter, respondents) violated SEQRA insofar as the negative declaration was arbitrary and capricious; that respondents' actions constitute parkland alienation; and that respondents violated zoning ordinances of the City of Niagara Falls by eliminating historic resources. Petitioner, by order to show cause filed April 5, 2013, sought a preliminary injunction to prohibit construction, which respondents opposed, and obtained a temporary restraining order. Following oral argument on April 11, 2013, Supreme Court vacated the temporary restraining order, denied the application for a preliminary injunction, and, sua sponte, effectively dismissed the petition/complaint (petition) on the ground that, inter alia, petitioner lacked standing to commence the proceeding. We affirm.

As an initial matter, we deny respondents' motion to dismiss the appeal as moot or barred by laches (*see Matter of Camardo v City of*

*Auburn*, 96 AD3d 1437, 1438).

Contrary to petitioner's contention, the court properly dismissed the first cause of action on the ground that petitioner lacked standing to commence the proceeding challenging the SEQRA determination.  Although respondents did not move to dismiss the petition, or interpose an answer alleging lack of standing, we reject petitioner's contention that respondents waived that defense (*see generally Pataki v New York State Assembly*, 4 NY3d 75, 88).  The issue of standing was properly before the court in connection with the application for a preliminary injunction.  It is well established that, "[w]hether a [petitioner] seeking relief is a proper party to request an adjudication is an aspect of justiciability which, *when challenged*, must be considered at the outset of any litigation" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [emphasis added]).  Indeed, "[w]hen a party seeks an injunction, [it] 'opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading' " (*Clark v New York State Off. of Parks, Recreation & Historic Preserv.*, 288 AD2d 934, 935, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 272).  Parks, in opposition to the application for a preliminary injunction, asserted that petitioner had not alleged sufficient facts to establish standing to challenge the SEQRA determination; that petitioner had not alleged that it pays taxes and thus failed to establish standing as a taxpayer; and that petitioner had failed to state a basis for common-law standing.

"[S]tanding requirements are not mere pleading requirements but [instead are] an indispensable part of the [petitioner's] case[,] and therefore each element must be supported in the same way as any other matter on which the [petitioner] bears the burden of proof" (*Matter of Sierra Club v Village of Painted Post*, 115 AD3d 1310, 1311 [internal quotation marks omitted]; *see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 306).  The court properly determined that neither the petition itself nor the supplemental affidavits, which petitioner submitted in response to Parks' opposition to the petition based on lack of standing, establish petitioner's standing to challenge the SEQRA determination.  It is axiomatic that, in land use matters, petitioner must demonstrate "that it would suffer direct harm, [an] injury that is in some way different from the public at large . . . [i.e.], that [it has] a direct interest in the administrative action being challenged, different in kind or degree from that of the public at large" (*Society of Plastics Indus.*, 77 NY2d at 774-775; *see Matter of Kindred v Monroe County*, 119 AD3d 1347, 1348).  Where, as here, a petitioner claims associational or organizational standing to challenge a governmental action, it must meet three requirements to establish such standing:  that one or more of its members would have standing to sue; that the interests it asserts are germane to its purpose to such a degree as to satisfy the court that it is the appropriate representative of those interests; and "that neither the asserted claim nor the appropriate relief requires the participation of the individual members.  These requirements ensure that the requisite injury is established and that the organization is the proper party to seek redress" (*Society of Plastics Indus.*, 77 NY2d at 775; *see Matter of Clean Water Advocates*

*of N.Y., Inc. v New York State Dept. of Envtl. Conservation*, 103 AD3d 1006, 1007, *lv denied* 21 NY3d 862).

We conclude that petitioner failed to establish either an injury, or that it is the proper party to seek redress.  Although petitioner submitted a supplemental affidavit of one of its members stating that he has a longtime personal and professional interest in the gorge trail and the ruins of the former hydroelectric plant, " 'interest' and 'injury' are not synonymous . . . A general—or even special—interest in the subject matter is insufficient to confer standing, absent an injury distinct from the public in the particular circumstances of the case" (*Matter of Citizens Emergency Comm. to Preserve Preserv. v Tierney*, 70 AD3d 576, 576, *lv denied* 15 NY3d 710; *see Clean Water Advocates of N.Y., Inc.*, 103 AD3d at 1008). "Appreciation for historical and architectural [artifacts] does not rise to the level of injury different from that of the public at large for standing purposes" (*Matter of Heritage Coalition v City of Ithaca Planning & Dev. Bd.*, 228 AD2d 862, 864, *lv denied* 88 NY2d 809).  Here, petitioner failed to establish an injury distinct from members of the public who use the gorge trail to access the ruins of the former hydroelectric plant (*cf. Save the Pine Bush, Inc.*, 13 NY3d at 305-306), and thus it lacks standing to contest the SEQRA determination.

With respect to petitioner's fourth cause of action alleging a violation of unspecified provisions of the City of Niagara Falls Zoning Ordinance, petitioner contends that its members "have been in Niagara Falls for years" and that they "use and enjoy the recreational benefits of the Niagara Reservation Park."  Petitioner therefore seeks a declaration that, unless the City of Niagara Falls conducts the balancing test as set forth in *Matter of Monroe County v City of Rochester*, (72 NY2d 338) to determine whether the public interest will be served by the improvements, the project should be enjoined.  "[T]o maintain a private action at common law to enjoin a[n alleged] zoning violation, [petitioner] must establish that [it] has standing to do so by demonstrating that special damages were sustained due to [respondents'] activities" (*Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843, 843).  Although a property owner may have standing to seek judicial review of an alleged zoning violation without pleading and proving special damages because adverse effect can be inferred from proximity (*see Stumpo v DeMartino*, 283 AD2d 954, 954), here, petitioner failed to allege that it, or any of its members, owns property in proximity to the site (*cf. Clean Water Advocates of N.Y., Inc.*, 103 AD3d at 1007-1008; *Nemeth v K-Tooling*, 100 AD3d 1271, 1273-1274; *Zupa*, 22 AD3d at 843-844).

Even assuming, arguendo, that petitioner has standing to allege alienation of parkland (*see generally Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y.*, 259 AD2d 26, 31-32), as it alleges in its third cause of action, we conclude that the court properly refused to issue a declaration that respondents Parks and NYPA were required to obtain legislative approval for the construction of the facility within the confines of Niagara Falls State Park.  It is well established "that parkland is impressed with a public trust, requiring legislative approval before

it can be alienated or used for an extended period for non-park purposes" (*Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623, 630).  It is undisputed, however, that there is no case law in New York applying the "public trust" principle to state parks.  The cases apply only to municipal parks (*see e.g. Capruso v Village of Kings Point*, 23 NY3d 631, 636; *Union Sq. Park Community Coalition, Inc.*, 22 NY3d at 652; *Friends of Van Cortlandt Park*, 95 NY2d at 627; *Matter of Mansour v County of Monroe*, 1 AD3d 976, 976, *lv denied* 1 NY3d 508; *Committee to Preserve Brighton Beach & Manhattan Beach*, 259 AD2d at 28).  Even assuming, arguendo, that parks operated by Parks are governed by the " 'public trust doctrine' " (*Capruso*, 23 NY3d at 637), which respondents dispute (*see Handbook on the Alienation and Conversion of Municipal Parkland in New York*, 20, available at http://www.nysparks.com/publications/documents/AlienationHandbook.pdf [accessed Sept. 23, 2014]), "what [petitioner] show[s here] is a dispute with public authorities about what is desirable for the park[,] . . . not a demonstration of illegality" (*795 Fifth Ave. Corp. v City of New York*, 15 NY2d 221, 225; *see Mansour*, 1 AD3d at 976-977; *cf. Friends of Van Cortlandt Park*, 95 NY2d at 630).  As we note above with respect to the first cause of action, because petitioner sought a preliminary injunction, it gave the court "authority to pass upon the sufficiency of the underlying pleading" (*Clark*, 288 AD2d at 935).  Even accepting the allegations in the third cause of action as true (*see generally Guggenheimer*, 43 NY2d at 275), i.e., that the alterations to improve accessibility to the lower gorge and the construction of the winter storage facility for excursion boats constituted non-park purposes, we nevertheless conclude that petitioner failed to state a cause of action (*see CPLR 3211 [a] [7]; cf. Capruso*, 23 NY3d at 638; *Friends of Van Cortlandt Park*, 95 NY2d at 630).  Thus the court properly denied the request for declaratory relief.

Petitioner has abandoned on appeal its contentions with respect to the remaining causes of action in the petition (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court