■ In the Matter of BERNARD SHAPIRO et al., Appellants, v LEN TORRES et al., Respondents. [60 NYS3d 366]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the City Council of the City of Long Beach dated March 3, 2015, to award contracts for the construction of comfort stations along the City of Long Beach boardwalk, and action for a judgment declaring that the construction of a structure known as the Lincoln Boulevard Comfort Station is a prohibited use of a public street and re-lated injunctive relief, the petitioners/plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Mahon, J.), entered September 25, 2015, as, upon denying their motion for a preliminary injunction, in effect, determined that the construction of the structure known as the Lincoln Boulevard Comfort Station is not a prohibited use of a public street, denied the petition, and dismissed the hybrid proceeding/action.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the ac-tion, and adding thereto a provision declaring that the construction of the structure known as the Lincoln Boulevard Comfort Station is a permitted use of a public street; as so modified, the order and judgment is affirmed insofar as ap-pealed from, with costs to the respondents/defendants.

In this hybrid proceeding and action, the petitioners/plaintiffs (hereinafter the petitioners) sought, inter alia, to

review a determination of the City of Long Beach to award contracts for the construction of comfort stations along the city boardwalk as part of a plan to reconstruct the boardwalk and restroom facilities that had been destroyed by Hurricane Sandy. The comfort station at issue would be installed in a "bump out" that extended into the southern end of Lincoln Boulevard, opposite the ocean side of the boardwalk, adjacent to the petitioners' condominium complex. The petitioners alleged that the City violated the mandates of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) and article 17 of the Charter of the City of Long Beach (Charter of City of Long Beach § 330 [6]) and interfered with their easement of light, air, and access. The Supreme Court, upon denying the petitioners' motion for a preliminary injunction, in effect, determined that the construction is not a prohibited use of a public street, denied the petition, and dismissed the hybrid proceeding and action. The petitioners appeal, and we modify.

"To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (*Matter of Brummel v Town of N. Hempstead Town Bd.*, 145 AD3d 880, 881-882 [2016]). The alleged harm cannot be "too speculative and conjectural to demonstrate an actual and specific injury-in-fact" (*Matter of Kindred v Monroe County*, 119 AD3d 1347, 1348 [2014]). Close proximity alone is insufficient to confer standing where there are no zoning issues involved, and general environmental concerns will not suffice (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 410 [1987]; *Matter of Kindred v Monroe County*, 119 AD3d 1347 [2014]; *Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907 [2002]; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 761 [2002]). Moreover, "[t]o qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature" (*Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]). Here, the petitioners' alleged environmentally related injuries are too speculative and conjectural to demonstrate an actual and specific injury-in-fact (*see Matter of Brummel v Town of N. Hempstead Town Bd.*, 145 AD3d at 881-882; *Matter of Shelter Is. Assn. v Zoning Bd. of Appeals of Town of Shelter Is.*, 57 AD3d 907 [2008]).

"When lands adjoin private property an easement of light,

air and access over such . . . property does not exist, under ordinary circumstances, merely because of the proximity of the lands to the private property" (*St. Peter's Italian Church Syracuse v State of New York*, 261 App Div 96, 97 [1941]). However, an owner of land abutting a highway or street possesses, as incident to his or her ownership, easements of light, air, and access, irrespective of whether the owner owns the fee of the highway or the street itself (*see Matter of Scoglio v County of Suffolk*, 85 NY2d 709, 712 [1995]; *Regan v Lanze*, 40 NY2d 475, 482 [1976]; *Donahue v Keystone Gas Co.*, 181 NY 313, 316 [1905]; *Lahr v Metropolitan El. Ry. Co.*, 104 NY 268, 291 [1887]; *Griefer v County of Sullivan*, 246 App Div 385 [1936], *affd* 273 NY 515 [1937]). Nevertheless, "[w]hen the fee of the highway has been transferred to the State, the State may use the highway for any public purpose not inconsistent with or prejudicial to its use for highway purposes . . . [and] [t]he mere disturbance of the rights of light, air and access of abutting owners on such a highway by the imposition of a new use, consistent with its use as an open public street, must be tolerated by them and no right of action arises therefrom, although such use interferes with the enjoyment of the premises" (*Perlmutter v Greene*, 259 NY 327, 299-330 [1932] [citation omitted]; *see Sauer v City of New York*, 206 US 536, 547-548 [1907]; *Jones Beach Blvd. Estate, Inc. v Moses*, 268 NY 362, 368 [1935]; *Lahr v Metropolitan El. Ry. Co.*, 104 NY at 291; *Aero Drive-In v Town of Cheektowaga*, 140 AD2d 932 [1988]). For example, the maintenance of trees on a street for the purposes of ornament and shade has been determined to be a proper street use (*see Donahue v Keystone Gas Co.*, 181 NY at 315).

Here, the proposed construction will not completely block the petitioners' ocean view nor prevent the petitioners from using the public street. Rather, the length of the dead-end street will be shortened and several public parking spaces will be removed. The turnaround will still be intact, although moved 23 feet to the north, and access to the petitioners' driveway and building's entrance will not be impeded (*see Perlmutter v Greene*, 259 NY at 333). In addition, the disputed comfort station will be open to, and for the purpose of, serving the public (*cf. Peterson v City of New York*, 260 NY 156, 161 [1932]).

Accordingly, the Supreme Court properly, in effect, determined that the construction is not a prohibited use of a public street, denied the petition, and dismissed the proceeding. Since this is, in part, a declaratory judgment action, the order and judgment should have included a provision declaring that the construction is a permitted use of a public street (*see Lanza v Wagner*, 11 NY2d 317 [1962]).

The petitioners' remaining contentions have been rendered academic by our determination. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.