Matter of Sheive v Holley Volunteer Fire Co., Inc. (2019 NY Slip Op 01982)





Matter of Sheive v Holley Volunteer Fire Co., Inc.


2019 NY Slip Op 01982


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1330 CA 18-00987

[*1]IN THE MATTER OF LAUREN L. SHEIVE, PETITIONER-PLAINTIFF-APPELLANT,
v
HOLLEY VOLUNTEER FIRE COMPANY, INC., RESPONDENT-DEFENDANT-RESPONDENT.






WINSTON & STRAWN LLP, NEW YORK CITY (MULAN CUI OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT. 
TADDEO & SHAHAN, LLP, SYRACUSE (STEVEN C. SHAHAN OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered August 4, 2017 in a CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking to enjoin any future "Squirrel Slam" hunting contests conducted by respondent-defendant (respondent) until it complies with the State Environmental Quality Review Act (SEQRA), and seeking a declaration that respondent is required under SEQRA to prepare an environmental assessment form as well as an environmental impact statement. Supreme Court dismissed the amended petition-complaint, and we affirm.
Prior to 2017, the one-day hunting contests at issue had been held annually by respondent as fundraisers, with prizes having been awarded based on the weight of squirrels turned in at the end of each contest. Petitioner resides approximately 50 miles from the area where respondent has held the hunting contests. She alleges an environmental injury-in-fact based on her fondness for squirrels, the impact that the hunting contests may have on the "local ecology," and the possibility that the contests may result in the killing of squirrels that she sees near her residence. Petitioner contends that she therefore has standing to bring this proceeding/action. We reject that contention.
Standing is "a threshold requirement for a [party] seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]). The burden of establishing standing to challenge an action pursuant to SEQRA is "on the party seeking review" (Society of Plastics Indus., 77 NY2d at 769). "The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action" (id. at 772). In addition, to establish standing under SEQRA, a petitioner must establish, inter alia, "an environmental injury that is in some way different from that of the public at large" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 727-728 [2d Dept 2013] [emphasis added]; see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 304-305 [2009]; Society of Plastics Indus., 77 NY2d at 774). Here, we conclude that petitioner has not met her burden of establishing an environmental [*2]injury-in-fact. Although petitioner may have alleged some environmental harm, she has alleged, at most, an injury that is "no different in either kind or degree from that suffered by the general public" (Matter of Kindred v Monroe County, 119 AD3d 1347, 1348 [4th Dept 2014]). Petitioner also has not established that the hunting activities at issue have affected the wildlife where she resides, nor has she established that she has used, or even visited, the area where the hunting contests have been conducted (cf. Matter of Wooster v Queen City Landing, LLC, 150 AD3d 1689, 1690 [4th Dept 2017]). In light of our determination that petitioner lacks standing to bring this proceeding/action, we do not address her remaining contentions.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court