Matter of 61 Crown St., LLC v New York State Off. of Parks, Recreation & Historic Preserv. (2022 NY Slip Op 04337)

Matter of 61 Crown St., LLC v New York State Off. of Parks, Recreation & Historic Preserv.

2022 NY Slip Op 04337

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

533228
[*1]In the Matter of 61 Crown Street, LLC, et al., Appellants,
v
New York State Office of Parks, Recreation and Historic Preservation, et al., Respondents.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Rodenhausen Chale & Polidoro, LLP, Rhinebeck (Janis M. Gomez Anderson of counsel) and Lewis & Greer, PC, Poughkeepsie (J. Scott Greer of counsel), for appellants.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for New York State Office of Parks, Recreation and Historic Preservation, respondent.
Barbara Graves-Poller, Corporation Counsel, Kingston, for Kingston Planning Board and another, respondents.
Riseley and Moriello, Kingston (Michael A. Moriello of counsel), for JM Development Group LLC and others, respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered April 7, 2021 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Office of Parks, Recreation and Historic Preservation to dismiss the petition.
This appeal concerns one of several challenges to the Kingstonian project (hereinafter the project), which seeks to redevelop certain parcels of land located in the Kingston Stockade Historic District (hereinafter KSHD) (see 61 Crown St., LLC v City of Kingston Common Council, ___ AD3d ___, 2022 NY Slip Op 03955 [2022]). The KSHD comprises 32.11 acres of the uptown neighborhood in the City of Kingston, Ulster County and is listed on the National Register of Historic Places, tracing back more than 300 years to the nation's colonial period and Revolutionary era. In 2018, respondents JM Development Group, LLC, Herzog Supply Co., Inc., Kingstonian Development, LLC and Patrick Page Holdings, L.P. (hereinafter collectively referred to as the developers) submitted an application to respondent City of Kingston for the project, seeking to redevelop about 2.5 acres of land within the KSHD into a parking garage, retail space, apartments, public pedestrian bridge and plaza and boutique hotel. The project was thereafter determined to be subject to the State Environmental Quality Review Act (see ECL article 8 [hereinafter SEQRA]), pursuant to which respondent City of Kingston Planning Board became the lead agency for the review process. Further, due to the allocation of public funding for the project by respondent Empire State Development Corporation (hereinafter ESD), respondent Office of Parks, Recreation and Historic Preservation (hereinafter OPRHP) also became involved in the coordinated review process (see PRHPL 14.09).
In September 2019, OPRHP provided a letter to the developers and the Planning Board advising that the project, as presented, would have adverse effects to the KSHD consisting of, among other things, the obfuscation of the historic northern boundary, the elimination of the historic Fair Street Extension and the impact of "monolithic" structures on the surrounding district (hereinafter the adverse impacts letter). The letter further advised that the parties should continue consulting on modifications to "avoid, minimize, or mitigate" those effects. Pursuant to OPRHP's request, the developers presented a new set of visual renderings and other design materials responding to the areas of concern raised in the adverse impacts letter. As a result, in February 2020, OPRHP issued a letter indicating that it had reviewed the redesign materials and determined that the project would no longer have an adverse impact on the KSHD (hereinafter the no impact letter).
In August 2020, petitioners — seven limited liability corporations that own real property in the KSHD which they lease to various businesses — commenced this proceeding seeking, among other things, to annul the no impact letter[*2], and an order directing ESD and OPRHP to meaningfully review alternatives to the project.[FN1] Petitioners argued that ESD and OPRHP failed to fulfill their duty to consider alternatives to the project pursuant to PRHPL 14.09, that OPRHP's issuance of the no impact letter was unlawful and that OPRHP's reversal of the adverse impacts letter was arbitrary and capricious.[FN2] OPRHP moved to dismiss the petition for, among other things, lack of standing and on the merits. Supreme Court ultimately determined that petitioners indeed lacked standing because they could not establish injury-in-fact based upon allegations of harm to the enjoyment of their "unique property and personal interests" in maintaining the KSHD's historic character by way of their proximity to the project. Accordingly, the court dismissed the petition in its entirety. Petitioners appeal, and we affirm.
"'Standing is a threshold determination and a litigant must establish standing in order to seek judicial review, with the burden of establishing standing being on the party seeking review'" (Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v City of Schenectady, 178 AD3d 1329, 1331 [2019] [brackets and citations omitted], quoting Rudder v Pataki, 246 AD2d 183, 185 [1998], affd 93 NY2d 273 [1999]). "To establish standing to challenge governmental action, the party asserting standing must show first, an injury-in-fact and, second, that the injury falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision" (Matter of Lansingburgh Cent. Sch. Dist. v New York State Educ. Dept., 196 AD3d 937, 939 [2021] [internal quotation marks, brackets and citations omitted]; see Matter of New York State Bd. of Regents v State Univ. of N.Y., 178 AD3d 11, 17 [2019], lvs denied 35 NY3d 912 [2020]). Petitioners must demonstrate that they will suffer a concrete and identifiable injury, rising beyond mere conjecture or speculation (see Matter of Brennan Ctr. for Justice at NYU Sch. of Law v New York State Bd. of Elections, 159 AD3d 1299, 1301 [2018], lv denied 32 NY3d 912 [2019]; Matter of Animal Legal Defense Fund, Inc. v Aubertine, 119 AD3d 1202, 1203 [2014]), and the injury-in-fact must be "'different in kind and degree from the community generally'" (Matter of Piagentini v New York State Bd. of Parole, 176 AD3d 138, 141 [2019], lv denied 35 NY3d 906 [2020], quoting Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413 [1987]; see Matter of State Farm Mut. Auto. Ins. Co. v Levin, 263 AD2d 233, 236-237 [2000], lv denied 95 NY2d 754 [2000]).
Petitioners contend that they have presumptive standing based upon their proximity to the project. We reject their argument. Although it is clear that petitioners' properties are in close proximity to the project, that fact alone "is insufficient to confer standing where there are no zoning issues involved" (Matter of Shapiro v Torres, 153 AD3d 835, [*3]836 [2017]; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 414; Matter of Hohman v Town of Poestenkill, 179 AD3d 1172, 1174 [2020]; Matter of Rent Stabilization Assn. of N.Y.C., Inc. v Miller, 15 AD3d 194, 194-195 [2005], lv denied 4 NY3d 709 [2005]; Matter of Save Our Main St. Bldgs. v Greene County Legislature, 293 AD2d 907, 908 [2002], lv denied 98 NY2d 609 [2002]). Accordingly, petitioners were required to demonstrate an actual and specific injury within the zone of interests of the relevant statutory provisions that is distinct from the type of injury generally suffered by the public (see Matter of Clean Water Advocates of N.Y., Inc. v New York State Dept. of Envtl. Conservation, 103 AD3d 1006, 1007 [2013], lv denied 21 NY3d 862 [2013]; Matter of Otsego 2000 v Planning Bd. of Town of Otsego, 171 AD2d 258, 260 [1991], lv denied 79 NY2d 753 [1992]).
The relevant statutory provisions at issue here encompass the protection and promotion of "the quality of any historic, architectural, archeological, or cultural property that is listed on the [N]ational [R]egister of [H]istoric [P]laces" (PRHPL 14.09 [1]; see PRHPL 14.01). While petitioners set forth general grievances concerning the impact of the project on the historical characteristics of the KSHD, such contentions do not differ from those that would generally be applicable to the community at large (see Matter of Gallahan v Planning Bd. of City of Ithaca, 307 AD2d 684, 685 [2003], lv denied 1 NY3d 501 [2003]). Further, petitioners' claims of economic injuries pertaining to the potential loss of parking fall outside the zone of interests protected by PRHPL article 14 (see also Matter of Peachin v City of Oneonta, 194 AD3d 1172, 1175 [2021]; Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 9 [2014]; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 777-778 [1991]; Matter of Village of Canajoharie v Planning Bd. of Town of Florida, 63 AD3d 1498, 1501-1502 [2009]).
Finally, while the obstruction of a scenic view may indeed constitute an injury within the context of PRHPL art 14 (see PRHPL 14.09 [1]; see also PRHPL 14.03 [5]), the claimed harm to that view must still be tied to the zone of interests protected by the statutes, namely, the historical significance of that view (see Matter of Ziemba v City of Troy, 37 AD3d 68, 71-72 [2006], lv denied 8 NY3d 806 [2007] [noting that the impact on a scenic view is significant to the "environment" in the context of SEQRA]; see also Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 982-983 [2007], lv denied 10 NY3d 706 [2008]).[FN3] We find that the concerns espoused by petitioners are unsupported or otherwise too speculative to establish standing in this matter (see Matter of Peachin v City of Oneonta, 194 AD3d at 1175; Matter of Save Our Main St. Bldgs. v Greene [*4]County Legislature, 293 AD2d at 908-909; compare Matter of Ziemba v City of Troy, 37 AD3d at 71).[FN4] Moreover, it is clear that the anecdotal evidence of harm to petitioners' views is contradicted by the historical evidence in the record, which shows that the bluff and distant view of the Catskill mountains are not tied to the historical significance to the KSHD and are instead the product of changes that the district has undergone since its inception (see Matter of Peachin v City of Oneonta, 194 AD3d at 1175; compare Matter of Cady v Town of Germantown Planning Bd., 184 AD3d 983, 985-986 [2020]; Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 654 [2007]). Altogether, we find that Supreme Court properly granted OPRHP's motion to dismiss because petitioners lack standing. In light of our conclusion, petitioners' remaining challenges are rendered academic.
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioners also asserted a fourth cause of action alleging violations of the Open Meetings Law (see Public Officers Law article 7). That cause of action was apparently dismissed in a separate order, which is not included in the record. In any event, petitioners affirmatively represent that they are not raising any contentions concerning the dismissal of that cause of action (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 787 n 4 [2016]).
Footnote 2: Respondents Wright Architect, PLLC and Blue Stone Realty, LLC answered with general denials of the allegations, particularly claiming that the proceedings as to them were frivolous because they have no involvement in this matter. ESD did not submit an answer or otherwise appear in Supreme Court. Petitioners have not raised any arguments in this appeal concerning the conduct of these entities.

Footnote 3: We note that this claim of injury is distinct to those petitioners whose properties are on Wall Street. The remaining petitioners make no contention concerning an obstruction of their view.
Footnote 4: OPRHP contends that petitioners lack third-party standing to assert obstruction of their views, since they are in effect asserting the claims on behalf of the tenants of their properties or their patrons (see Matter of Fleischer v New York State Liq. Auth., 103 AD3d 581, 583-584 [2013], lv denied 21 NY3d 856 [2013]). However, regardless of whether the claimed injury is beyond the scope that would be applicable to petitioners' status as landowner, the alleged injury is insufficient because it "would be no different for them than for the public at large" (Matter of Save Our Main St. Bldgs. v Greene County Legislature, 293 AD2d at 909).